UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION, | Civil Case No.13cv1927 AJB (MDD)<br><br>Lead Case:<br>MDL Case No.13md2452 AJB (MDD) |
| NORMA FISHMAN, et al.,<br>            Plaintiff,<br>v.<br>AMYLIN PHARMACEUTICALS, LLC f/k/a AMYLIN PHARMACEUTICALS, INC.; McKESSON CORPORATION; CARDINAL HEALTH, INC.; AMERISOURCEBERGEN CORPORATION; ELI LILLY; AND DOES 1 THROUGH 100,<br>            Defendants. | ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO REMAND<br><br>(Doc. No. 9) |

On August 19, 2013, Defendants Amylin Pharmaceuticals, LLC f/k/a Amylin Pharmaceuticals, Inc. ("Amylin") and Eli Lilly and Company ("Eli Lilly") removed this action from San Diego Superior Court. (Doc. No. 1.) Defendants Amylin and Eli Lilly asserted removal was proper, even though McKesson Corporation ("McKesson"), Cardinal Health, Inc. ("Cardinal Health"), and AmerisourceBergen Corporation ("Amerisource") did not consent to the removal, because McKesson, Cardinal Health, and Amerisource were fraudulently joined. (*Id.* at ¶ 17.) On September 18, 2013, Plaintiffs filed a motion to remand for lack of subject matter jurisdiction. (Doc. No. 9.)

In accordance with the Court's scheduling order, On October 2, 2013, Defendants Amylin and Eli Lilly filed a response to Plaintiffs' motion, thereby consenting to the remand of this action.  (Doc. No. 12.)  However, as of the date of this order, Defendants McKesson, Cardinal Health, and Amerisource have not filed an opposition, or otherwise responded to Plaintiffs' motion to remand.  The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion for failure to respond.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (per curiam) (affirming dismissal for failure to timely file opposition papers in accordance with local rules).  Civil Local Rule 7.1.f.3.c expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."  Accordingly, for the reasons set forth above, the Court GRANTS Plaintiffs' unopposed motion to remand.  (Doc. No. 9.)  The Clerk of Court is instructed to remand the action to San Diego Superior Court.

IT IS SO ORDERED.

DATED:  October 15, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge