```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF CALIFORNIA
 2
        BEFORE THE HONORABLE ANTHONY J. BATTAGLIA, JUDGE PRESIDING
 3

 4
                                       ) CASE NO. 13-MD-02452-AJB
 5   IN RE INCRETIN-BASED THERAPIES     )
     PRODUCTS LIABILITY LITIGATION      )
 6                                      )
                                        )
 7                                      )
                                        ) SAN DIEGO, CALIFORNIA
 8   -------------------------------    ) NOVEMBER 21, 2013
                                        ) 10:27 A.M.
 9   THIS DOCUMENT RELATES TO ALL CASES )
                                        )
10

11

12                  REPORTER'S TRANSCRIPT OF PROCEEDINGS

13

14

15

16

17   APPEARANCES:

18   FOR PLAINTIFFS:       HUNTER J. SHKOLNIK, ESQ.
                           NAPOLI, BERN, RIPKA & SHKOLNIK
19                         350 FIFTH AVENUE
                           NEW YORK, NEW YORK 10018
20
                           TOR HOERMAN, ESQ.
21                         TOR HOERMAN LAW, LLC
                           101 W. VANDALIA STREET, SUITE 350
22                         EDWARDSVILLE, ILLINOIS 62025

23

24

25


                            NOVEMBER 21, 2013
```

```
 1   FOR THE DEFENDANTS:   RICHARD B. GOETZ, ESQ.
                          O'MELVENY & MEYERS LLP
 2                        400 SOUTH HOPE STREET
                          LOS ANGELES, CALIFORNIA 90071-2899
 3
                          NINA M. GUSSACK, ESQ.
 4                        PEPPER HAMILTON LLP
                          3000 TWO LOGAN SQUARE
 5                        EIGHTEENTH AND ARCH STREETS
                          PHILADELPHIA, PENNSYLVANIA 19103-2799
 6
                          DOUGLAS MARVIN, ESQ.
 7                        WILLIAMS & CONNOLLY LLP
                          725 TWELFTH STREET, N.W.
 8                        WASHINGTON, D.C. 20005

 9   ALSO PRESENT:        HONORABLE WILLIAM HIGHBERGER

10   OFFICIAL REPORTER:   JEANNETTE N. HILL, C.S.R.
                          (619) 702-3905
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

NOVEMBER 21, 2013

| | |
|---|---|
| 1 | **SAN DIEGO, CALIFORNIA; THURSDAY, NOVEMBER 21, 2013; 10:27 A.M.** |
| 2 | **DEPUTY CLERK:** CALLING MATTER ONE ON CALENDAR, CASE |
| 3 | NUMBER 13MD2452, IN RE INCRETIN MIMETICS PRODUCTS LIABILITY |
| 4 | LITIGATION, ON FOR A STATUS HEARING. |
| 5 | **THE COURT:** AND WE ARE ON THE RECORD NOW ON THE |
| 6 | STATUS CONFERENCE THAT STARTED IN AN INFORMAL MANNER IN |
| 7 | CHAMBERS WITH THE PLAINTIFFS' CO-LEAD COUNSEL, THE PSC AND SO |
| 8 | FORTH, AND THEN THE DEFENDANTS' STEERING COMMITTEE, AS WELL. |
| 9 | ON THE PHONE WE HAVE JUDGE HIGHBERGER FROM THE |
| 10 | SUPERIOR COURT, WITH REGARD TO JCCP MATTERS, ALONG WITH, NO |
| 11 | DOUBT, MANY OTHERS. |
| 12 | **JUDGE HIGHBERGER:** GOOD MORNING. |
| 13 | **THE COURT:** BUT FOR PURPOSES OF THE RECORD, THE |
| 14 | INFORMAL STATUS CONFERENCE THIS MORNING INVOLVED JUDGE |
| 15 | HIGHBERGER AND I, ALONG WITH CO-LEAD COUNSEL RYAN L. THOMPSON, |
| 16 | TOR HOERMAN AND HUNTER J. SHKOLNIK, MICHAEL JOHNSON, T.J. |
| 17 | PREUSS, AND JACOB PLATTENBERGER.  WE HAD ALSO GAYLE BLATT, |
| 18 | MICHAEL BERG, AND LIAISON COUNSEL FROM THE JCCP, ELIZABETH |
| 19 | CROOKE. |
| 20 | AND ON THE DEFENSE SIDE RICHARD GOETZ, NINA GUSSACK, |
| 21 | DOUGLAS MARVIN AND LOREN BROWN. |
| 22 | AND DID WE GET, YOLI, THE LIST OF WHO-ALL WAS ON THE |
| 23 | PHONE? |
| 24 | **DEPUTY CLERK:** YES. |
| 25 | **THE COURT:** AND ON THE PHONE, AS WELL, WE HAVE |

1  CHRISTOPHER GRIMM, PAUL STEVENS, LEE CIRSCH, ANDY JOHNSON,
2  ANDRE SHERMAN, CHAFICA SINGHA, DAE YEOL LEE, R. PARKER WHITE,
3  THOMAS HAKLAR, TIMOTHY BROWN, JOSEPH WAECHTER, ANDREW HARRIS,
4  SASHA COFFINER, SARAH GRUWELL, NEIL OVERHOLTZ, ROBERT MOSIER,
5  TRIPP SEGARS, SHAYNA SACKS, RAYMOND WILLIAMS, MICHAEL GOETZ,
6  KEITH ALTMAN.
7          IS THERE ANYONE THAT I HAVE MISSED ON THE PHONE?
8  NOBODY IS SPEAKING UP.
9          AND THEN IN THE COURTROOM TODAY, HERE NOT YET
10 IDENTIFIED, WHY DON'T WE LET THOSE COUNSEL MAKE THEIR
11 APPEARANCES, IF THEY WOULD LIKE?  WHY DON'T WE START IN THE
12 JURY BOX?
13         **MS. BEHAN**:  WENDY BEHAN ON BEHALF OF PLAINTIFFS, YOUR
14 HONOR.
15         **THE COURT**:  AND THEN YOUR COLLEAGUE, MR. BERG, THE
16 PERSON TO YOUR RIGHT?
17         **MR. BERG**:  SHE IS NOT WITH ME, YOUR HONOR.
18         **THE COURT**:  YOU ARE SITTING AWFULLY CLOSE.
19         **MS. LIU**:  MARY LIU, FOR PLAINTIFFS.
20         **MR. BERG**:  I WAS PRETTY CLOSE.
21 (LAUGHTER)
22         **THE COURT**:  OKAY.  AND THEN THE GENTLEMAN NEAR THE
23 WALL.
24         **MR. WILLIAMS**:  BRADY WILLIAMS FOR PLAINTIFFS.
25         **THE COURT**:  AND YOU, SIR.

NOVEMBER 21, 2013

1           **MR. LOPEZ:**  MATTHEW LOPEZ FOR THE PLAINTIFFS.
2           **THE COURT:**  THANK YOU.  AND NEXT ON THE UNIDENTIFIED
3    LIST.
4           **MR. PAYNE:**  CODY PAYNE FOR THE PLAINTIFFS.
5           **THE COURT:**  AND, MS. TURNER, I SEE.
6           **MS. TURNER:**  GOOD MORNING, YOUR HONOR.  VICKIE TURNER
7    ON BEHALF OF THE PATHEON DEFENDANTS.
8           **MR. BOEHM:**  GOOD MORNING, YOUR HONOR.  PAUL BOEHM FOR
9    MERCK.
10          **MS. LEVINE:**  GOOD MORNING.  HEIDI LEVINE FOR NOVO
11   NORDISK.
12          **MR. YOUNG:**  AND CHRISTOPHER YOUNG FOR NOVO NORDISK,
13   YOUR HONOR.
14          **MR. KING:**  GOOD MORNING.  KENNETH KING FOR ELI LILLY
15   AND COMPANY.
16          **MR. SWINTON:**  AND STEVE SWINTON FOR ELI LILLY.
17          **MR. EDSON:**  SCOTT EDSON FOR AMYLIN.
18          **THE COURT:**  AND I THINK THAT COVERS THE MAP.  SO TO
19   BRING YOU ALL UP TO DATE, I AM GOING TO UTILIZE TWO THINGS:
20   THE JOINT SUBMISSION OF AGENDA SUBMITTED BY THE LEAD GROUP, AND
21   THE LAST ORDER THAT WAS DONE FROM THE CONFERENCE WE HELD ON
22   OCTOBER 17, AND IN A SIMILAR FORMAT.
23          STARTING WITH THE ORDER ITSELF, WITH ITEM NUMBER TWO
24   ON PAGE TWO, IS THE ISSUE OF THE MASTER CONSOLIDATED COMPLAINT.
25   AND WE PUT A WORKING DEADLINE OF NOVEMBER 18TH.  IT WAS

1  IDENTIFIED THIS MORNING THAT IT'S A REAL CLOSE PROSPECT NOW

2  THAT WE WILL HAVE THE MASTER CONSOLIDATED COMPLAINT WITH AN

3  EXPECTATION THAT IT CAN BE AGREED TO AND FILED BY NOVEMBER 29TH

4  OF THIS YEAR.

5           AND IF WE MEET THAT EXPECTATION, THE DEFENDANTS

6  MASTER ANSWER WOULD THEN BE DUE DECEMBER 31ST.  SO THAT IS THE

7  PLEADINGS HEADS-UP ON THAT ASPECT.

8           THE ITEM MARKED AS NUMBER THREE, ON THAT SAME ORDER,

9  DEALS WITH THE BELLWETHER PROCESS OR THE PROCESS FOR THAT TO

10 HELP FOCUS MANAGEMENT OF THE LITIGATION.  THAT REALLY WILL BE A

11 FUNCTION OF THE LAWYERS' CONTINUED WORK, THE STEERING

12 COMMITTEES' CONTINUED WORK ON AN OVERALL CASE MANAGEMENT

13 SCHEDULE THAT WILL INVOLVE, AT APPROPRIATE TIMES, THE VARIOUS

14 STEPS, INCLUDING DAUBERT MOTIONS FOR SUMMARY JUDGMENT AS TO

15 GENERAL CAUSATION, BELLWETHER PROCESS, AND ALL.

16          THE LAWYERS WILL BUILD THE SCHEDULE AS THEY SEE

17 SUITABLE, AND IN WHICH MANNER THEY FEEL WILL BE MOST HELPFUL.

18 AND THEN THE COURT, OF COURSE, WILL CONFER WITH THEM AT A

19 FURTHER STATUS CONFERENCE TO BE SET, AS WE'LL DISCUSS IN A

20 MOMENT.

21          THERE WILL BE A COMPANION BELLWETHER PROCESS ORDER.

22 IT DOESN'T NEED TO BE PART OF THE SCHEDULE AT THIS POINT, BUT

23 SOMETHING TO DETAIL THE EXACT MANNER FOR SUBMISSION AND

24 SELECTION OF CASES AND SO FORTH THAT THE LAWYERS WILL BE

25 WORKING ON AS WE GO FORWARD.

1          ITEM NUMBER FOUR IS THE SCIENCE DAY, WHICH HAS BEEN
2   SCHEDULED FOR FEBRUARY 5TH AND 6TH OF 2014, HERE IN COURT.  AND
3   THAT DATE REMAINS THE DATE SET.  AND THE PARTIES ARE GOING TO
4   CONTINUE WORKING ON A PLAN FOR SCIENCE DAY.  THEY HAVE FILED --
5   IT'S DOCKET NUMBER 190 -- A JOINT SUBMISSION IN THIS REGARD.
6          TURNING TO THAT, IN PAGE NUMBERED ONE -- THE SECOND
7   PAGE OF THE DOCUMENT BEARS NUMBER ONE AT THE BOTTOM -- THE
8   COURT HAS ACCEPTED THE PARTIES' AGREED POINTS FOR PRESENTATION,
9   AND THE LEAD COUNSEL'S RESPONSIBILITY FOR DESIGNATING THE
10  INDIVIDUALS THAT WILL MAKE THE PRESENTATIONS.  THEY WILL NOT
11  NEED TO BE EXPERT WITNESSES.  THEY CAN BE WHOEVER COUNSEL FEEL
12  WOULD MOST APPROPRIATELY DEAL WITH THE ISSUES THAT WOULD BE
13  OUTLINED AS THE NATURE OF DIABETES AS A DISEASE -- TYPE 2
14  DIABETES, IN PARTICULAR -- THE INCRETIN-BASED THERAPIES AND
15  TREATMENT, IN GENERAL, WITH REGARD TO DIABETES.  AND THEN
16  PANCREATIC CANCER ITSELF, AND THEN DATA WITH REGARD TO THE
17  VARIETY OF ISSUES.  THIS IS BEST DESCRIBED IN DETAIL IN THE
18  PARTIES' JOINT SUBMISSION.  THE COURT IS FINE WITH THAT
19  OVERVIEW.
20         THE COURT HAS DECIDED THAT THIS WILL NOT BE AN
21  ON-THE-RECORD SESSION.  IT WILL NOT BE REPORTED BY A COURT
22  STENOGRAPHER.  WE WILL NOT HAVE A VIDEOGRAPHER TAKE A RECORD.
23  IT WILL BE FOR THE COURT'S ABILITY TO UNDERSTAND BASELINE
24  ISSUES FROM WHICH WE WILL GET TO THE CONTESTED ISSUES.  IT'S
25  CONTEMPLATED NON-ADVERSARIAL, BUT HELPFUL.  AND ANYTHING SAID

1  DURING THE HEARING IS NOT TO BE USED AS EVIDENCE.  IT WILL NOT
2  BE RECORDED OR FORMALLY TAKEN, IN ANY EVENT, BUT IT'S
3  ESSENTIALLY DONE WITH THE IDEA OF EDUCATING THE COURT SO WE ARE
4  ALL ON THE SAME PAGE.
5          WITNESSES OR PRESENTERS WILL NOT BE UNDER OATH NOR
6  WILL THEY BE SUBJECT TO CROSS-EXAMINATION IN A FORMAL SENSE.
7  THEY WILL BE SUBJECT TO QUESTIONING FROM THE COURT TO HELP THE
8  COURT'S UNDERSTANDING SO THAT THE COURT CAN BE EDUCATED ABOUT
9  THE SCIENTIFIC ISSUES.
10         WITH REGARD TO OTHER ISSUES, THE COURT IS DECLINING
11 THE OFFER OF SCIENCE BACKGROUND PAPERS, AND INSTEAD WILL LISTEN
12 TO THE PRESENTATIONS, WHICH CAN INCLUDE POWER POINTS OR OTHER
13 DEMONSTRATIVE EXHIBITS AND SO FORTH.
14         THE COURT IS INVITING A JOINT SUBMISSION OF A
15 GLOSSARY OF SCIENTIFIC TERMS; AGAIN, IN A NON-ADVERSARIAL BUT
16 IN A SCIENTIFICALLY APPROPRIATE WAY, SO WE ARE ALL TALKING
17 ABOUT THE SAME THING AT THE SAME TIME.
18         THE TOPICS HAVE BEEN IDENTIFIED, AS I'VE SAID.  AND
19 THE PARTIES HAVE, I THINK, COME TO A GENERAL APPROACH THAT
20 WOULD INVOLVE PLAINTIFFS' PRESENTATION AND THEN THE DEFENDANTS'
21 PRESENTATION ON A TOPIC-BY-TOPIC BASIS, WITHOUT STRICT TIME
22 LIMITS.  AND IT WILL BE FURTHER DISCUSSED AND NEGOTIATED BY THE
23 PARTIES TO MAKE IT AVAILABLE TO HAVE ANY TOPIC EXHAUSTED, AND
24 THE COURT HAVE THE ABILITY TO ASK QUESTIONS IN A MOST EFFICIENT
25 MANNER.

1       AND TO THE EXTENT THAT CERTAIN ISSUES, INCLUDING
2  QUESTIONS WITH REGARD TO NONCLINICAL INFORMATION OR CLINICAL
3  OBSERVATIONAL INFORMATION -- ESSENTIALLY, DATA THAT HAS
4  FOLLOWED THE EXPERIENCE WITH THESE DISEASES, WITH THESE
5  THERAPIES -- TO THE EXTENT THAT THAT IS NOT READY TO PROCEED,
6  THE COURT HAS INDICATED A WILLINGNESS TO SET THAT OFF TO A
7  DIFFERENT DATE.
8       TO THE EXTENT THE TWO DAYS ARE NOT SUFFICIENT TO
9  COVER ALL THE INFORMATION FOR WHICH WE ARE READY, THE COURT IS
10 SIMILARLY OPEN TO SETTING FURTHER HEARINGS IN REGARDS TO THE
11 EDUCATIONAL PROCESS FOR THIS CASE.  SO THAT, I THINK, WRAPS UP
12 WHERE WE STAND ON SCIENCE DAY.
13      NUMBER FIVE IN THE COURT'S PAST ORDER DISCUSSED
14 FUTURE DISPOSITIVE MOTIONS AND DAUBERT MOTIONS.  THESE WILL ALL
15 FOLLOW SCIENCE DAY.  BUT THE PRECISE SCHEDULING WILL BE PART
16 AND PARCEL OF THE CONTINUED MEETING AND CONFERRING ON A CASE
17 MANAGEMENT PLAN, FOR WHICH WE'LL TALK MORE IN A MOMENT.
18      THE PARTIES HAVE AGREED TO AN IN EXTREMIS DEPOSITION
19 PROTOCOL.  THAT IS FILED IN THE CASE NOW AS DOCUMENT NUMBER
20 174.
21      THE PARTIES HAVE AGREED AND THE COURT HAS FILED THE
22 DIRECT FILING ORDER.  IT'S DOCUMENT 184.
23      AND MOVING TO ITEM NUMBER SEVEN, DISCUSSION
24 CONTINUES -- ALTHOUGH AN IMPASSE HAS BEEN REACHED IN PART -- ON
25 GENERAL DEPOSITION PROTOCOL.  THAT MATTER IS NOW BEFORE JUDGE

```
 1    DEMBIN FOR RESOLUTION.
 2            NUMBER EIGHT, DOCUMENT PRODUCTION CONTINUES TO
 3    PROCEED.  THE PARTIES CONTINUE TO MEET AND CONFER.  THERE ARE
 4    SOME AREAS OF IMPASSE THAT JUDGE DEMBIN WILL BE TAKING CARE OF
 5    IN THE NEAR FUTURE.
 6            THE PARTIES HAVE RESUBMITTED OR ARE IN DISPUTE ABOUT
 7    A RESUBMITTED PROTECTIVE ORDER THAT WAS ORIGINALLY APPROVED.
 8    AND THE IMPASSE THAT NOW EXISTS, JUDGE DEMBIN WILL RESOLVE IN
 9    THE SCHEDULE HE IS DEVELOPING WITH THE PARTIES -- OR HAS
10    DEVELOPED -- AND MAY EVEN SHORTEN, GIVEN THE PARTIES' DESIRE
11    AND THEIR READINESS TO MOVE FURTHER FORWARD ON A QUICKER
12    SCHEDULE.
13            THE DISCLOSURE OF INSURANCE INFORMATION COVERAGE
14    ISSUE WITH REGARDS TO DEFENDANT AMYLIN IS BEFORE JUDGE DEMBIN
15    NOW FOR RESOLUTION -- IS OR WILL BE.
16            WE HAVE THE REPORT FROM JUDGE HIGHBERGER.  THIS IS
17    ITEM 11 IN THE COURT'S PRIOR ORDER.
18            AS TO THE CURRENT STATUS, AND FOR THE REST OF THE
19    GROUP, JUDGE HIGHBERGER, WOULD YOU LIKE TO MAKE ANY COMMENTS IN
20    GENERAL OR ANYTHING IN PARTICULAR FOR THEIR BENEFIT, SIR?
21            **JUDGE HIGHBERGER:**  CERTAINLY.
22            THE COORDINATED PROCEEDING HAD MANY PANCREATITIS
23    CASES WHICH ARE THEREFORE DISTINCT FROM THE MATTERS IN THE MDL.
24    SPECIFIC TO THE PANCREATITIS CASES, THEY HAD BEEN GROUPED BY MY
25    PREDECESSOR, JUDGE WEST, INTO A TRACK 1 MANY MOONS AGO.  ONE OF
```

1  THOSE PLAINTIFFS, MS. BINO (PH), I BELIEVE, HAD REMAINED BUT

2  NOW IS DISPOSED OF BY DISPOSITIVE MOTION.

3         TRACK 2 CASES WERE RIPENING FOR TRIAL.  IN DUE COURSE

4  I DECIDED SOME EVIDENTIARY ISSUES BY IN LIMINE THAT JUDGE WEST

5  HAD NOT GOTTEN TO.  WE HAD A NUMBER OF TRACK 2 PLAINTIFFS SET

6  FOR TRIAL IN NOVEMBER AND FEBRUARY.  IT TURNED OUT IN THE

7  FULLNESS OF TIME, AS TO TWO OF THE THREE NOVEMBER PLAINTIFFS,

8  DISPOSITIVE MOTIONS WERE GRANTED BY MYSELF, AND PLAINTIFFS

9  VOLUNTARILY DISMISSED THE THIRD.  PLAINTIFFS SET FOR TRIAL IN

10 NOVEMBER SAID THAT THERE WERE NO TRIALS IN FACT.

11         THERE REMAIN TWO PLAINTIFFS WHO HAVE SURVIVED THE

12 CHALLENGES BY DISPOSITIVE MOTIONS.  THEY ARE SET FOR TRIAL IN

13 FEBRUARY.

14         THERE WAS A DISCUSSION OF SOME LENGTH, THAT THE

15 LAWYERS PARTICIPATING IN MY CASE HEARD YESTERDAY, AS TO WHETHER

16 THE SEQUENCE SHOULD CHANGE FROM PLAINTIFF LEE FOLLOWED BY

17 PLAINTIFF JACKSON, TO THE CONVERSE.  I DECLINED PLAINTIFFS'

18 REQUEST TO SWITCH THE ORDER.  THE LAWYERS ARE GOING TO COME

19 BACK TO ME ON MONDAY AND ADVISE WHETHER THEY WISH TO HAVE

20 PLAINTIFF JACKSON ONLY SET FOR TRIAL IN A MAY DATE THAT IS

21 AVAILABLE IF THE LEE CASE LOOKS LIKE IT'S GOING AHEAD IN

22 FEBRUARY.  BUT THERE IS NOTHING FINAL ON THAT.

23         THE LAWYERS ARE IN EARLY PHASES, AS I PERCEIVE IT AT

24 LEAST, OF GATHERING TRACK 3 PANCREATITIS PLAINTIFFS FOR TRIAL

25 PROBABLY IN OCTOBER, NOT MAY.  AND THERE WAS AN AGREEMENT MADE

1   IN OPEN COURT ON THE RECORD YESTERDAY TO CLARIFY THE STATUS OF
2   VARIOUS CANCER CASES THAT ARE ON MY DOCKET, INCLUDING SOME OF
3   THE EARLIEST FILINGS, SUCH THAT MY PERCEPTION, AT LEAST, IS
4   THAT THERE IS NOT, AT THE MOMENT, ANY PRESSING PROBLEM UNDER
5   THE STATE COURT RULE OF PROCEDURE, COMMONLY KNOWN AS THE
6   FIVE-YEAR RULE, WHICH MIGHT OTHERWISE REQUIRE A HASTY SETTING
7   OF ONE OR MORE CANCER CASES FOR TRIAL.
8          AS I INDICATED, TALKING WITH THE COUNSEL WHO
9   PARTICIPATED WHILE YOU WERE TOGETHER IN JUDGE BATTAGLIA'S
10  CHAMBERS, IT WOULD BE MY HOPE THAT AS COUNSEL WORK TOWARDS
11  ORGANIZING THE PANCREATITIS CASES IN TRACK 3, THEY WILL ALSO
12  BEGIN TO CONTEMPLATE HOW CANCER CASES SHOULD BE GATHERED OUT OF
13  MY DOCKET FOR REASONABLE SET OF BELLWETHER CASES IN A FASHION
14  THAT IS SUPPORTABLE OF WHAT IS OCCURRING IN THE MDL, RATHER
15  THAN COMPETITIVE TO WHAT IS OCCURRING IN THE MDL.  AND WE CAN
16  TALK ABOUT THAT FURTHER ON MONDAY WHEN WE ARE BACK TOGETHER,
17  AND MOVE AHEAD ON THAT AS YOU PROCEED WITH THE FEDERAL MDL.
18         LIKEWISE, FOR THE SAME REASONS, INSOFAR AS KEY
19  GENERAL CAUSATION ISSUES YOU HAVE TESTED AS AN EVIDENTIARY
20  PROPOSITION IN THE MDL UNDER THE APPLICABLE STANDARD IN FEDERAL
21  DISTRICT COURT, IT WOULD SEEM APPROPRIATE TO CONTEMPLATE HAVING
22  SIMILAR TESTS OF ADMISSIBILITY AS CONTROLLED BY STATE LAW IN MY
23  COURT, PARTICULARLY *SARGON V. UNIVERSITY OF SOUTHERN CALIFORNIA*
24  AND AUTHORITIES CITED THEREIN.  I AM PREPARED FOR HEARING AND
25  CONSIDERATION AT THE SAME TIME.

1		I AM NOT SURE THAT A JOINT SESSION WITH JUDGE
2	BATTAGLIA NECESSARILY IS WELL ADVISED BECAUSE WE HAVE TWO
3	DIFFERENT STANDARDS OF LAW TO APPLY, BUT I AM CERTAINLY OPEN TO
4	THE SUGGESTION OF COUNSEL AS TO HOW TO PROCEED.
5		IT'S BEEN MY OBSERVATION AND UNDERSTANDING OF HOW THE
6	LITIGATION HAS BEEN HANDLED UP TO NOW, AT LEAST IN THE
7	COORDINATED PROCEEDING, THAT THERE TENDED TO BE NO VOLUNTARY
8	MUTUAL ONE-OFF SETTLEMENTS, AND THAT THE ONLY WAY IN WHICH
9	THESE CASES SETTLE IS WHEN THERE ARE INVENTORY SETTLEMENTS AS
10	TO PARTICULAR LAW FIRMS' CLIENTS.
11		THAT IS NOTED SIMPLY BECAUSE THERE IS ALWAYS THE
12	POSSIBILITY THAT CASES WILL SETTLE, BUT I HAVE NOT YET SEEN HOW
13	THE STARS ALIGN TO SETTLE THE REMAINING CASES IN FRONT OF ME
14	WITH THE PLAINTIFFS' COUNSEL WHO REMAIN IN FRONT OF ME, WHICH
15	IS NOT A CRITICISM OF EITHER SIDE, BUT JUST AN OBSERVATION OF
16	WHAT THE PROCESS AHEAD INVOLVES.
17		SINCE ONE ALWAYS HAS TO BE REALISTIC THAT
18	CIRCUMSTANCES SOMETIMES CHANGE AND THE ATTITUDES OF ONE OR BOTH
19	SIDES CHANGE, THE COURT ALWAYS REMAINS INTERESTED IN HOW TO
20	CREATE A SEEDBED THAT MAKES SETTLEMENT NEGOTIATION FRUITFUL,
21	SINCE SOME OF THE PARTIES BEFORE THE COURT HAVE IN THE PAST
22	FOUND A COMPROMISE ALTERNATIVE ACCEPTABLE AS COMPARED TO GOING
23	TO TRIAL.  AND IT'S NOTABLE, ACTUALLY, HOW FEW OF THESE CASES
24	HAVE GONE TO TRIAL SO FAR IN THE HISTORY OF HUMANITY.
25		I THINK THAT IS ALL I HAVE, UNLESS THERE ARE

| | |
|---|---|
| 1 | QUESTIONS FROM COUNSEL OR JUDGE BATTAGLIA. |
| 2 | **THE COURT:**  ANY QUESTIONS FROM COUNSEL FOR JUDGE |
| 3 | HIGHBERGER? |
| 4 | **MR. HOERMAN:**  NO, YOUR HONOR. |
| 5 | **MR. SHKOLNIK:**  NO, YOUR HONOR. |
| 6 | **THE COURT:**  THE PLAINTIFFS HAVE NO QUESTIONS. |
| 7 | ANY QUESTIONS FROM THE DEFENSE SIDE OF THE ROOM FOR |
| 8 | JUDGE HIGHBERGER? |
| 9 | **MS. GUSSACK:**  NO, YOUR HONOR. |
| 10 | **THE COURT:**  I DON'T SEE ANY.  SO THANK YOU VERY MUCH, |
| 11 | JUDGE HIGHBERGER, AND YOUR CONTINUED GRACIOUSNESS IN WORKING |
| 12 | WITH ME ON THIS.  IT'S APPRECIATED. |
| 13 | LET'S MOVE TO ITEM 12 ON THE COURT'S PRIOR ORDER, |
| 14 | WHERE I REFLECTED THAT WE HAD 150 CASES AND A POTENTIAL OF UP |
| 15 | TO 2,000 CASES. |
| 16 | AND THE NOTE AT THE TIME WAS THAT THE FILING PACE WAS |
| 17 | DICTATED IN PART BY PLAINTIFFS' OBLIGATIONS TO PROVIDE |
| 18 | PLAINTIFFS' FACT SHEETS AND AUTHORIZATIONS, AS HAD BEEN THE |
| 19 | ORDER OF THE COURT AFTER JUDGE DEMBIN RESOLVED THE FORMAT FOR |
| 20 | THE PLAINTIFFS' FACT SHEET IN SOME OF THE EARLY CASES.  AND THE |
| 21 | POTENTIAL FOR A REVISED OR PRELIMINARY FACT SHEET TO FACILITATE |
| 22 | QUICKER FILING WAS DISCUSSED, AND THE PARTIES HAVE BEEN WORKING |
| 23 | IN THAT REGARD. |
| 24 | THE COURT WAS CLEAR AT THE TIME THAT THE EXHAUSTIVE |
| 25 | PLAINTIFFS -- OR LESS EXHAUSTIVE PRELIMINARY FACT SHEET WOULD |

1  BE WITHOUT PREJUDICE TO THE PRIOR OR MORE DETAILED FACT SHEET.

2  I RECOGNIZE THAT THE FACT SHEET AS CONSTITUTED MAY BE

3  SIGNIFICANT IN ITS REQUEST FOR INFORMATION, BUT ALSO FIND THAT

4  A HUGE AMOUNT OF COST SAVINGS AND TIME WILL ULTIMATELY BE

5  RECEIVED BY A FULL DISCLOSURE OF AN EQUAL COUNTERPART FROM THE

6  DEFENSE SIDE.  BUT IF WE DON'T GET MOST OF THIS INFORMATION

7  BEFORE THE DEFENSE, WE RESTRICT OUR ABILITY, ULTIMATELY, TO

8  ADJUDICATE THE CASE.  AND I WOULD HATE TO RESORT TO INDIVIDUAL

9  DOCUMENT REQUESTS, A FLURRY OF INDIVIDUALIZED SUBPOENAS AND SO

10 FORTH.

11          JUDGE DEMBIN IS GOING TO ADDRESS THE IMPASSE ON THIS

12 PROPOSED FACT SHEET.  HE WILL DISCUSS TWO-TIER SYSTEMS OR

13 ANYTHING ELSE THE PARTIES WANT TO CONTEMPLATE TO ADDRESS, A,

14 GETTING THE CASES FILED AS QUICKLY AS POSSIBLE; AND, B, GETTING

15 ALL OF THE INFORMATION TO THE DEFENSE SO THEY CAN EVALUATE THIS

16 RELATIVE TO ISSUES, INCLUDING BELLWETHER TRIALS AND SO FORTH.

17 AND SO JUDGE DEMBIN WILL BE HANDLING THAT ON A SCHEDULE HE IS

18 SEPARATELY SETTING WITH THE PARTIES.

19          AND THEN THE SAME GOES FOR THE DEFENDANTS' FACT

20 SHEET, WHICH IS ITEM 14.  WE DISCUSSED THAT LAST TIME.  THERE

21 ARE ISSUES WITH REGARD TO THAT THAT JUDGE DEMBIN IS PUTTING

22 TOGETHER FOR RESOLUTION WITH THE PLAINTIFFS' FACT SHEET.  SO WE

23 SHOULD BE IN A POSITION TO HAVE THOSE IN PLACE VERY SOON.

24          IN THE INTERIM, I AM GOING TO STAY THE REQUIREMENT

25 FOR THE PLAINTIFFS TO FILE THE PLAINTIFFS' FACT SHEETS AND

1  AUTHORIZATIONS WITH THE ENTRY OR FILING OF NEW CASES, SO WE CAN
2  KEEP THE CASES COMING.  AND THAT STAY WILL BE IN EFFECT UNTIL
3  SUCH TIME AS JUDGE DEMBIN ADJUDICATES THE ISSUE OF THE VARIOUS
4  FACT SHEETS.  AND THEN HE WILL SET A DATE FOR COMPLIANCE
5  CATCH-UP OR OTHER COMPLIANCE AS APPROPRIATE, DEPENDING ON THE
6  DISPOSITION.
7           SO I SKIPPED OVER 13.  BUT GOING BACK TO THAT, NUMBER
8  13 WAS THE ESI PROTOCOL, WHERE AN IMPASSE HAS BEEN REACHED.
9  AND JUDGE DEMBIN WILL GO AHEAD AND RESOLVE THE PARTIES'
10 DIFFERENCES ON A SCHEDULE IN A MANNER TO HIS SATISFACTION.
11          ITEM 15 RELATES TO 30(B)(6) DEPOSITIONS.  COUNSEL
12 REPORT THAT THERE IS ONE GOING ON IN PHILADELPHIA AS WE SPEAK
13 OR MEET THIS MORNING.  HOWEVER, THERE ARE SOME ISSUES WITH
14 REGARD TO PROCESS OR WHATNOT THAT JUDGE DEMBIN WILL RECEIVE AND
15 DEAL WITH ON HIS SCHEDULE.
16          NUMBER 16 IN THE PRIOR ORDER DIRECTS OUR ATTENTION TO
17 THE 15 THYROID CANCER CASES THAT ARE BEFORE THE COURT HERE IN
18 THE SOUTHERN DISTRICT OF CALIFORNIA UNDER ORIGINAL
19 JURISDICTION, AND THE POTENTIAL FOR INCLUDING THEM IN THE MDL
20 OR NOT; AND THE DEGREE TO WHICH THOSE CASES BEFORE THE COURT
21 ALREADY SHOULD BE INTEGRATED INTO ANY BELLWETHER PROCESS,
22 EITHER IN CONCERT WITH THE PANCREATIC CANCER CASES OR IN SOME
23 OTHER MANNER.
24          ANY CASES THAT ARE FILED IN THE DISTRICT AT THIS
25 POINT WOULD NEED TO HAVE JURISDICTION HERE.  THEY ARE NOT TO BE

1   FILED IN THE MDL, BUT AS SEPARATE CASES, UNTIL SUCH TIME AS THE
2   JPML, EITHER ON AN ADVERSARIAL MOTION OR BY JOINT MOTION OF THE
3   PARTIES, DECIDE THAT THEY ARE INDEED PART OF THE MDL.  THAT IS
4   WITHIN THEIR JURISDICTION.
5            BUT INDIVIDUAL CASES CAN, CERTAINLY, WHERE
6   JURISDICTION EXISTS, AND VENUE HERE CAN CONTINUE TO BE FILED IN
7   SAN DIEGO.  AND THE COURT IS WILLING TO HAVE IT NOT ONLY
8   COORDINATED, BUT INCLUDED IN A BELLWETHER PROCESS.  ANY SUCH
9   BELLWETHER PROCESS -- I DON'T KNOW THAT I SAID THIS EARLIER --
10  DOES NEED TO TAKE INTO ACCOUNT THE JCCP CASES TO THE DEGREE TO
11  WHICH WE CAN JOINTLY START SETTING EXPECTATIONS OR LIMITS OR
12  WHATNOT IN ALL OF THE CASES, BOTH STATE AND FEDERAL.
13           I THINK THERE WERE A COUPLE CASES THAT WERE
14  IDENTIFIED AS THYROID CANCER CASES FILED UNDER THE MDL CAPTION.
15  THEY NEED TO BE ADJUSTED SO THAT THEY ARE FILED AS INDIVIDUAL
16  CASES.
17           SO THAT COMPLETES THE PRIOR ORDER LIST OF ITEMS,
18  EXCEPT FOR THE LAST ITEM, WHICH IS ALSO THE LAST ITEM ON
19  COUNSELS' JOINT SUBMISSION, AND THAT IS WHEN WE HAVE THE NEXT
20  STATUS CONFERENCE.
21           AND WE HAVE SELECTED THURSDAY, JANUARY 16TH AT 9:00
22  A.M. FOR THAT JOINT CONFERENCE.  IT WILL BE IN THE SAME FORMAT,
23  WITH THE FIRST HOUR, OR THEREABOUTS, OF AN INFORMAL UPDATE WITH
24  THE LEADERSHIP GROUPS FOR BOTH SIDES AND THE COURT, WITH JUDGE
25  HIGHBERGER AND JUDGE DEMBIN PARTICIPATING.  AND THEN FROM 10:00

1  ON, A PUBLIC RECOUNT OF THE PROCEDURAL STEPS THAT ARE IN PLAY,
2  AND A FOLLOW-UP ON THINGS THAT HAVE BEEN PENDING.
3       IN PREPARATION FOR THE STATUS CONFERENCE, A JOINT
4  STATUS REPORT/AGENDA WILL BE FILED NO LATER THAN JANUARY 10TH,
5  2014.  AND THIS WILL ADDRESS THE PROGRESS OVERALL ON THESE
6  VARIOUS ITEMS.  BUT, MORE PARTICULARLY, THE CASE MANAGEMENT
7  SCHEDULE THAT WAS BEING JOINTLY DISCUSSED BY THE PARTIES, SO
8  THAT THIS MATTER CAN BE SET FOR SOME CRITICAL DATES DOWN THE
9  ROAD.  THAT SCHEDULE, OF COURSE, MAY BE IMPACTED BY THE
10 DISCOVERY DISPUTES OR OTHER THINGS.  AND WE'LL TAKE A READING
11 ON THAT.
12      SO I BELIEVE I HAVE RECOUNTED EVERYTHING THAT WE
13 DISCUSSED IN OUR PLANS MOVING FORWARD.  I WILL ASK THE
14 PLAINTIFFS' LEADERSHIP GROUP, FIRST OF ALL, DID I MISS
15 ANYTHING; AND SECONDLY, IS THERE ANYTHING ELSE YOU FOLKS WOULD
16 LIKE TO ADD TO THE PUBLIC RECORD?
17      **MR. HOERMAN:**  NOTHING WE WOULD LIKE TO ADD, JUDGE.  I
18 DON'T THINK YOU TALKED ABOUT THE VIDEOGRAPHER WITH RESPECT TO
19 THE SCIENCE DATE.
20      **THE COURT:**  OH, I MAY NOT HAVE.  VERY GOOD.  I MEANT
21 TO.  I SCRATCHED IT OUT.  THIS WILL NOT BE RECORDED AND THERE
22 WILL NOT BE A VIDEOGRAPHER VIDEOTAPING THE PRESENTATION.  THERE
23 IS NO SHOWING MADE, FIRST OF ALL, THAT THERE IS SOME REASON TO
24 IGNORE THE COURT'S LONG-STANDING POLICIES OF NO VIDEO OF COURT
25 PROCEEDINGS.  THERE IS NO NEED, IN MY MIND, THAT IT WOULD BE

1    USEFUL.  AND I THINK THE EXPENSE ASSOCIATED WITH THAT, MUCH
2    LIKE THE EXPENSE ASSOCIATED WITH COURT REPORTING OF THE
3    PROCESS, IS NOT WARRANTED.
4         SO IT WILL BE A PRESENTATION OFF-THE-RECORD MEANING,
5    WE WILL NOT BE HAVING A TRANSCRIPTION.  THE DOOR WILL BE OPEN
6    TO THE PUBLIC.  NOT THAT WE WILL BE NEEDING TO MANAGE A SEAT
7    OVERFLOW, BUT IT WILL JUST BE A DISCUSSION IN OPEN COURT, OFF
8    THE RECORD, FOR EDUCATION PURPOSES.
9         SO ANYTHING ELSE ON THE PLAINTIFFS' SIDE?
10        **MR. HOERMAN:**  NO.  THAT IS IT, JUDGE.
11        **THE COURT:**  HOW ABOUT ON THE DEFENSE SIDE?  ANYTHING
12   THAT I OVERLOOKED IN THE MYRIAD OF DETAILS, OR ANYTHING ELSE
13   YOU FOLKS WOULD LIKE TO RAISE FOR THE PUBLIC RECORD?
14        **MR. MARVIN:**  NOTHING, YOUR HONOR.
15        **MR. GOETZ:**  NOTHING FURTHER.
16        **THE COURT:**  SO JUST A RECAP.  JANUARY 10TH OF 2014,
17   THE JOINT STATUS REPORT AGENDA FOR OUR NEXT CONFERENCE WILL BE
18   DUE.  JANUARY 16TH AT 9:00 A.M. WILL BE THE JOINT CONFERENCE.
19        JUDGE DEMBIN'S PROCEEDINGS WILL BE SCHEDULED
20   SEPARATELY BY HIM AND COUNSEL AS THEY CONTINUE TO CONFER.  BUT
21   JUDGE DEMBIN HAS INDICATED THAT WILL BE RESOLVED FAIRLY
22   QUICKLY, AS THAT IS HIS MANNER OF OPERATION.  SO THAT IS
23   CERTAINLY VERY HELPFUL.
24        AND THE COURT HAD ACKNOWLEDGED JUDGE HIGHBERGER.  I
25   REALLY APPRECIATE HIS COORDINATING AND COUNSELING WITH ALL OF

1  US; AND JUDGE DEMBIN, AS WELL.  ALTHOUGH IT'S JUDGE DEMBIN'S

2  DAY JOB, HE IS DOING A VERY GOOD JOB.  I DO APPRECIATE HIS

3  EFFORTS.

4         SO IF THERE IS NOTHING FURTHER BY ANYONE, THEN WE'LL

5  CALL THE MATTER INTO RECESS AND LOOK FORWARD TO THE FURTHER

6  STATUS REPORT AND NEXT CONFERENCE.  ALL RIGHT.  THANK YOU.

7         HAVE A GOOD DAY, AND HAPPY THANKSGIVING.

8  (PROCEEDINGS CONCLUDED AT 10:55 A.M.)

9                          CERTIFICATION

10        I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
   QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
11 STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT
   TRANSCRIPT OF THE PROCEEDINGS HAD IN THE AFOREMENTIONED CAUSE
12 ON NOVEMBER 21, 2013; THAT SAID TRANSCRIPT IS A TRUE AND
   CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE
13 FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS OF
   THE UNITED STATES JUDICIAL CONFERENCE.
14

15 DATED:    12/03/13, AT SAN DIEGO, CALIFORNIA.

16          S/N_____
            JEANNETTE N. HILL, OFFICIAL REPORTER, CSR NO. 11148
17

18

19

20

21

22

23

24

25