# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  AMERICAN MEDICAL SYSTEMS, INC.,
           PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY LITIGATION

                                                                                    MDL No. 2325

-------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 19**
(Plaintiff Profile Forms, Plaintiff Fact Sheet, and Defendant Fact Sheets)

This Order shall govern (1) all cases transferred to this court by the Judicial Panel on Multidistrict Litigation, including those cases identified in the original Transfer Order and those subsequently transferred as tag-along actions; and (2) all cases directly filed in or removed to this MDL.  It is **ORDERED** as follows:

**1.     Plaintiff Profile Form ("PPF")**

a.     The parties have agreed upon the use of an abbreviated Plaintiff Profile Form ("PPF") (Exhibit 1), including eight (8) releases (Exhibit A to Exhibit 1), attached to this Order.[1]  The PPF shall be completed in each case currently pending in, and in all cases that become part of this MDL by virtue of being filed in, removed to, or transferred to this court.

b.     Each plaintiff in currently filed cases that were a part of this MDL as of the date of the entry of this Order shall submit a completed PPF to defendants within 60 days of the date of this Order. In cases filed or transferred after the date of this Order, each plaintiff shall submit a completed PPF to defendants within 60 days of filing the Short Form Complaint.  Every plaintiff

---

[1] The court refers the parties to the court's website at www.wvsd.uscourts.gov where the PPF (in word and PDF fillable format) and the releases (in PDF fillable format) are located under "forms" for this MDL.

is required to provide defendants with a PPF that is substantially complete in all respects, answering every question in the PPF, even if a plaintiff can answer the question in good faith only by indicating "not applicable." The PPF shall be signed by plaintiff under penalty of perjury. If a plaintiff is suing in a representative or derivative capacity, the PPF shall be completed by the person with the legal authority to represent the estate or person under legal disability. Plaintiff spouses with a claim for loss of consortium shall also sign the PPF, attesting that the responses made to the loss of consortium claim questions in the PPF are true and correct to the best of his or her knowledge, information and belief, formed after due diligence and reasonable inquiry.

      c.      A completed PPF shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories and requests for production in the PPF shall be answered without objection as to the question posed in the agreed upon PPF. This section does not prohibit a plaintiff from withholding or redacting information from medical or other records provided with the PPF based upon a recognized privilege. If information is withheld or redacted on the basis of privilege, plaintiff shall provide defendants with a privilege log that complies with Rule 26(b)(5) simultaneously with the submission of the PPF.

      d.      Contemporaneous with the submission of a PPF, each plaintiff shall provide the defendants with hard copies or electronic files of all medical records in their possession or control, including, in particular, records that support product identification.

      e.      Contemporaneous with the submission of a PPF, each plaintiff shall also produce signed authorizations, which are attached to the PPF and located in PDF fillable format on the

court's website, for the release to an identified records collection vendor of medical, insurance, employment, Medicare/Medicaid, and Social Security records from any healthcare provider, hospital, clinic, outpatient treatment center, and/or any other entity, institution, agency or other custodian of records identified in the PPF. The signed authorizations shall be undated and the recipient line shall be left blank. These blank, signed authorizations constitute permission for a third party records vendor retained by the parties, to obtain the records specified in the authorizations from the records custodians.  In the event an institution, agency or medical provider to which a signed authorization is presented refuses to provide responsive records, the individual plaintiff's attorney shall attempt to resolve the issue with the institution, agency, or provider, such that the necessary records are promptly provided. Any records that pertain to psychiatric related care whether by a psychiatrist or psychologist shall first be available to counsel for the plaintiff who shall have 10 days to assert a recognized privilege and notify both the vendor and counsel for the requesting defendant, with an appropriate privilege log. Absent notification within 10 days of the assertion of such a privilege, the vendor shall then provide the records to the requesting defendant.

     f.     Each plaintiff shall immediately preserve and maintain, without deletions or alterations, any content of any personal webpage(s) or social media accounts currently held by them, including but not limited to, photographs, text, links, messages and other postings or profile information that is relevant to the subject matter of this litigation. "Social media" includes, but it not limited to, Facebook, Myspace, Linked In, Friendster, and/or blogs. The plaintiffs shall preserve this data by downloading it to a suitable storage device, by printing out copies on paper, or by other means consistent with law and court rules applicable to document and data preservation.

    g.    If a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to these deficiency cure procedures.

    h.    If defendants receive a PPF in the allotted time but the PPF is not substantially complete, defendants' counsel shall send a deficiency letter within 10 days of receipt of a PPF, as applicable by e-mail and U.S. mail to Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. Plaintiff shall have twenty (20) days from receipt of that letter to serve a PPF that is substantially complete in all respects. This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

    i.    Any plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants.

**2.**     **Plaintiff Fact Sheet ("PFS")**

    a.    Within 60 days of the entry of a Pretrial Order identifying the Discovery Pool Cases, those plaintiffs identified in that Order shall submit a full Plaintiff Fact Sheet ("PFS"), in the form to be agreed upon by the parties.

    b.    Contemporaneous with the submission of their PFS, plaintiffs shall provide the following categories of information posted by the plaintiff on any social media websites identified in the PFS disclosures:

        1)    Photographs and/or videos, if any, posted by the plaintiff which show the plaintiff taking part in physical activity from one year preceding the date of her mesh surgery(ies) through the date of the signing of the PFS and

4

         any comments, posts, or messages made by the plaintiff related to same. "Physical activity" is defined as strenuous physical or recreational activity, such as horseback riding, ice skating, scuba diving, snorkeling, swimming, biking, and hiking;

2) Photographs or videos, if any, posted by the plaintiff showing plaintiff in the hospital, at the doctor's office, or recovering after the date(s) of her mesh surgery(ies) at issue, and any comments, posts, or messages made by the plaintiff related to same;

3) Comments, posts or messages, if any, made by the plaintiff regarding mesh product(s) or the surgery(ies) at issue;

4) Comments, posts or messages, if any, made by the plaintiff regarding any significant health conditions of the plaintiff, including but not limited to, their gynecologic, pelvic or abdominal condition from one year preceding the date of her surgery(ies) through the date of the signing of the PFS;

5) Where plaintiff has alleged emotional injury other than pain and suffering, comments, posts or messages, if any, made by plaintiff regarding the plaintiff's emotional condition from one year preceding the date of her surgery(ies) through the date of the signing of the PFS; and

6) Comments, posts, links, messages or pages, if any, made by the plaintiff concerning the plaintiff's lawsuit or pelvic mesh litigation in general.

Plaintiffs pursuing a consortium claim shall likewise produce the information set forth in 1) through 6) above that is posted by either plaintiff on his/her social media website(s) regarding

the plaintiff in whom the device was implanted.

The information required to be produced pursuant to 1) through 6) above includes any otherwise responsive information that may have been marked "private" on the plaintiff's social media website(s). Where materials produced pursuant to this section contain private medical or other information about a non-party, the plaintiff shall redact identifying and/or any other information pertaining to that non-party.

    c.    If defendants receive a PFS in the allotted time but the PFS is not substantially complete, defendants' counsel shall send a deficiency letter within 10 days of receipt of a PFS, as applicable by e-mail and U.S. mail to the Plaintiffs' Co-Lead Counsel and the plaintiffs' individual representative counsel, identifying the purported deficiencies. The plaintiff shall have twenty (20) days from receipt of that letter to serve a PFS that is substantially complete in all respects.  This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies.

    d.    Any plaintiff who fails to comply with the PFS obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants.

**3.**    **Defendant Fact Sheet ("DFS")**

    a.    A Defendant Fact Sheet ("DFS"), in the form to be agreed upon by the parties, shall be completed only in those cases selected as a subgroup (not to exceed 20 cases) from which the final bellwether selection will be made.

The DFS shall constitute the initial plaintiff – specific discovery of defendants, and no plaintiff shall serve upon any defendant interrogatories or requests for production of documents that are specific to an individual plaintiff, treating physician, or sales representative prior to

service of a DFS for that plaintiff.

      b.    Defendants shall submit a substantially completed DFS for each case in the "subgroup" identified in 3.a above within 45 days after the entry of the Order establishing the "subgroup" plaintiffs. The DFS shall provide general but comprehensive information concerning the particular product identified in the PPF, and information specific to each individual plaintiff selected as a "subgroup" plaintiff, including, for example, documentation relating to the plaintiff, and defendants' contact(s) with the physician(s) identified by the Plaintiff.

      c.    A Completed DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P.34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. The interrogatories and requests for production in the DFS shall be answered without objection as to the question as posed in the agreed upon General DFS and Specific DFS. However, defendants may assert objections relevant to information specific to an individual plaintiff in the Specific DFS, where appropriate in that case.

      d.    If a defendant fails to timely submit a DFS, or submits within the allotted time a DFS that is not substantially complete, the Plaintiffs' Co-Lead Counsel shall send a deficiency letter within 10 days of receipt of a DFS by e-mail and U.S. mail to a designated Counsel for that defendant, identifying the purported deficiencies. This letter shall include sufficient detail for the parties to meet and confer regarding the alleged deficiencies. Defendant shall have twenty (20) days from receipt of that letter to serve a DFS that is substantially complete in all respects. Should a defendant fail to cure the deficiencies identified and fail to provide responses that are substantially complete in all respects within twenty (20) days of service of the

deficiency letter, plaintiff may move for appropriate relief under Federal Rule of Civil Procedure 37. Any such filing shall be served on Lead Counsel for that defendant, with any response to such filing to be submitted within ten (10) days following the date of service. Any such filing should include the efforts the plaintiffs made to meet and confer regarding the alleged deficiencies in the DFS and failure to cure.

     e.     A defendant that fails to comply with the DFS obligations under this Order may be subject, for good cause shown, to sanctions, to be determined by the court, including those sanctions set forth in Fed. R. Civ. P. 37.

The Court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2325 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:12-cv-06139. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

          ENTER:    October 4, 2012

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge