1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

IN RE: INCRETIN-BASED
THERAPIES PRODUCTS
LIABILITY LITIGATION

CASE NO. 13md2452-AJB (MDD)

ORDER ON DISCOVERY
DISPUTE REGARDING
PROTECTIVE ORDER

(ECF NO. 227)

On December 19, 2013, the parties filed a Joint Submission Regarding Protective Order (ECF No. 227).  Specifically, Plaintiffs seek modifications to the Protective Order issued by the Court on June 3, 2013, in one of the early filed cases in this Multi-District Litigation. *Scott v. Merck & Co., Inc., et al.,* 12cv2549, ECF No. 32.

At the outset, the Court must address the point of view expressed by Plaintiffs that the Protective Order issued in the *Scott* case does not apply generally to the cases in this MDL.  (*See* ECF No. 227 at 2, fn 1). By its very terms, the Protective Order applies to the following cases:

> The term "Litigation" shall refer to all proceedings in any state or federal court in the United States in which a plaintiff represented by Watts Guerra LLP, Napoli, Bern, Ripka, Shkolnik LLP, Wagstaff & Cartmell LLP, TorHoerman Law LLC, or other counsel of record ("Plaintiff") in similar litigation that includes any of Amylin Pharmaceuticals, LLC, Eli Lilly and Company, and/or Merck Sharp & Dohme Corp. and alleges injuries caused by a diabetes medication manufactured or marketed by Amylin Pharmaceuticals, LLC, Eli Lilly and Company, and/or Merck Sharp & Dohme

1    Corp.(collectively, "Defendants").

2    *Scott v. Merck & Co., Inc., et al.,* 12cv2549, ECF No. 32 at ¶1b.  The

3    signatories to the Protective Order include all three of the attorneys

4    appointed by the Court as co-lead counsel in the MDL, also was signed by

5    an attorney named as a member of the Plaintiffs' Steering Committee

6    and was signed by counsel for Defendants Merck, Amylin and Eli Lilly.

7    It should be noted that the Protective Order was negotiated by counsel

8    and submitted jointly to the Court for endorsement.  For the very same

9    counsel for Plaintiffs to claim now that the Protective Order does not

10   apply in the MDL is disingenuous.  The Court shall now make clear what

11   should have been obvious: **The Protective Order issued in *Scott* and**

12   **filed at ECF No. 32 in 12cv2549 applies to all cases filed in or**

13   **related to this MDL.**

14       Regarding the merits of the dispute, Plaintiffs express concern

15   regarding the use of materials designated confidential with non-party

16   witnesses who may refuse to sign the agreed upon endorsement

17   regarding confidentiality.  (*See* 12cv2549 ECF No. 32 ¶9).  Plaintiffs

18   request that the Court modify the Protective Order to remove the

19   requirement of endorsement and instead inform the witness that an

20   Order of this Court precludes further dissemination.  Defendants

21   challenge whether such a notice provides the Court with jurisdiction over

22   the witness and serves as a consent.

23       The Court agrees with Defendants.  The requirement of an

24   endorsement is standard in Protective Orders for third-party witnesses.

25   Individual disputes can be brought before the Court.

26       Next, the Protective Order requires each party to give fourteen days

27   notice of the intent to use confidential information of a Defendant at the

28   deposition of a customer or a competitor of the producing Defendant.

1    (*See* 12cv2549 ECF No. 32 ¶5(d). Plaintiff claims this  presents an

2    onerous burden and may disclose attorney work product.

3           This provision was negotiated by these very Plaintiffs and is not

4    uncommon in multi-party litigation.  Defendants are competitors and

5    have the right to protect their sensitive information from each other.  The

6    notice provision allows them to assess the risks involved with each

7    disclosure and seek Court intervention if necessary.  The Court finds that

8    this provision should remain as negotiated.

9           Finally, Plaintiffs assert that one of the subsections involving

10   declassification of documents may be interpreted to improperly shift the

11   burden to the party challenging confidentiality.  (*See* 12cv2549 ECF No.

12   32 ¶8).  Specifically, Plaintiffs assert that ¶8(c) may shift the burden to

13   the party challenging confidentiality.  In context, however, the burden

14   remains where it should.  The section requires the party claiming

15   confidentiality to support that claim in writing to the challenger.  The

16   challenger may then bring the matter to the Court.  The burden of

17   proving the need for confidentiality remains on the producing party.

18                                Conclusion

19          Plaintiffs' Motion to Modify the Protective Order, as presented in

20   the instant Joint Submission is **DENIED.**  The Protective Order issued

21   in *Scott v. Merck & Co., Inc., et al.,* 12cv2549 at ECF No. 32 applies to

22   every case filed in or related to the instant MDL.

23

24          IT IS SO ORDERED.

25   DATED: December 27, 2013

26                                   Hon. Mitchell D. Dembin
27                                   U.S. Magistrate Judge

28