UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: INCRETIN-BASED THERAPIES PRODUCTS LIABILITY LITIGATION | CASE NO. 13md2452-AJB (MDD) ORDER ON DISCOVERY DISPUTE REGARDING PROTOCOLS FOR ELECTRONICALLY STORED INFORMATION [ECF NO. 228] |
|---|---|

On December 19, 2013, the parties filed a Joint Motion For Determination of Procedures for Production of Electronically Stored Information Protocol Disputes. (ECF No. 228). There is a dispute regarding the technical specifications for production of electronically stored information ("ESI"); a related dispute regarding whether Defendants Amylin Pharmaceuticals ("Amylin") and Eli Lilly and Company (Lilly) must reproduce information previously produced in related state and federal litigation; and, a dispute regarding whether Defendants Amylin and Lilly must agree with Plaintiffs to identify up to 8 records custodians, cull the custodians' files using search terms provided by Plaintiffs and produce responsive information.

Plaintiffs do not dispute that Defendants have produced millions of pages of discovery in the related federal and state actions. Plaintiffs, in

1 summary, assert that they are entitled to discovery in this case; that
2 there is a different mix of Plaintiffs and counsel; and that there was a
3 different disease at issue in the related litigation.  Defendants contend,
4 in substance, that any production in this case does not occur in a vacuum
5 and the earlier production needs to be considered.  Both sides are correct
6 but, obviously, that does not resolve the disputes.  Each dispute will be
7 addressed below.

## Discussion

### 1. Technical Specifications and Reproduction

In connection with this litigation, Plaintiffs have requested Defendants to produce information using different technical specifications than agreed upon by counsel in the related litigations. Defendants have agreed to produce new information using the new specifications but object to converting and reproducing information in the possession of Plaintiffs as a result of earlier productions. Defendants assert that this is unduly burdensome and costly under the circumstances.

The Court finds as follows:

a. To the extent that Defendants produce new information to Plaintiffs, the new specifications must be used absent agreement to the contrary.

b. To the extent that in response to a discovery request, Defendants identify previously produced information in the possession of Plaintiffs, that information need not be converted to the new specifications and reproduced.  If Plaintiffs insist upon conversion and reproduction using the new specifications, Plaintiffs will bear the reasonable expense of conversion and reproduction.

To the extent that there is a question about whether Defendants

1  simply can state, in response to specific discovery requests, that
2  responsive records previously have been produced, such a response will
3  be inadequate.  Defendants must identify the previously produced
4  responsive information meaningfully.  *See, e.g.,* Fed.R.Civ.P. 33(d).

   2. <u>Custodians</u>

6  Plaintiffs request that Defendants agree to identify up to 8
7  custodians of potentially responsive information for this specific
8  litigation, collect their data, cull the data using search terms provided by
9  Plaintiffs and produce the responsive information.  Defendants object on
10 the grounds that they have produced information from 30 custodians
11 using search terms agreed upon by substantially the same counsel in the
12 related litigation.  Defendants request Plaintiffs to identify areas in
13 which they think that the earlier productions may be deficient.
14 Plaintiffs, on the other hand, insist that it is not their job to determine
15 what may be missing from earlier productions - they are entitled to
16 discovery relating to this specific litigation.

17 The existence of ESI has not changed the basics of discovery.  It is
18 upon Plaintiffs to make specific discovery requests under the Rules.  It is
19 then upon Defendants to conduct reasonable searches for responsive,
20 non-privileged information within their possession, custody or control
21 and produce such information or make particularized objections when
22 warranted.

23 ESI changes the process to the extent that it requires some
24 adversarial cooperation.  The more the parties cooperate, costs are
25 minimized and the production of useful information is maximized.
26 Plaintiffs need to beware of what they want; they may get it.  If
27 Defendants agree simply to run Plaintiffs' search terms and cull out
28 potentially privileged information, the likely result is the over-production

of marginally relevant data. This increases Plaintiffs' costs to store and analyze the data without any real gain in identifying admissible evidence to support their claims or refute defenses. That said, Defendants cannot merely rely on the fact that there have been prior productions that probably contain the information that Plaintiffs request.

Absent a further agreement of the parties, the Court will not require Defendants to identify additional custodians and run additional searches based upon terms provided by Plaintiffs. The parties can agree on a process or not as they will. Absent agreement, Plaintiffs may make specific discovery requests of Defendants. Defendants must provide meaningful responses and particularized objections. Initial culling and review by Defendants may require Defendants to identify additional custodians. That is their obligation. As for Plaintiffs, a decision not to work with Defendants to narrow the focus may inure to their ultimate disadvantage through overproduction.

The Court will address particular requests and objections as they arise as provided in this Court's Chambers Rules.

## Conclusion

As presented in the instant Joint Motion, Plaintiffs' motion to adopt their versions of an ESI Protocol is **DENIED.** Similarly, Defendants' motion to adopt their versions of an ESI Protocol is **DENIED.** The parties may negotiate and present a new protocol. Otherwise, the parties are to proceed as required herein.

IT IS SO ORDERED.

DATED: January 8, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge