UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | MDL Case No.13md2452 AJB (MDD)<br><br>As to all related and member cases<br><br>INITIAL CASE MANAGEMENT SCHEDULING ORDER REGARDING GENERAL CAUSATION |

On February 18, 2014, the Court held a Case Management Conference to discuss the threshold issue of whether general causation, and expert-related discovery related to general causation, should direct the parties' initial document production and motion practice. Defendants proposed a scheduling order that addressed *Daubert* and dispositive motions relating to general causation first, whereas Plaintiffs proposed a more standard scheduling order that addressed *Daubert* and dispositive motions after all discovery had been completed. (Doc. Nos. 209, 210.) After considering the parties' respective proposals and any additional contentions presented at oral argument, the Court hereby orders the following:

**1.  Discovery Relating to General Causation**

Plaintiffs will narrow all discovery related requests to issues involving general causation. As a result, initial discovery and document production will be limited to whether the requested information has some tendency in logic to prove or disprove

whether Defendants' incretin mimetic drugs cause pancreatic cancer. The relevancy of such information should not be assessed based on the source of the document, i.e., the Marketing Department, or the category it has been placed in, i.e., Marketing Files, but rather should be assessed based on the "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a).

**2.    Plaintiff Fact Sheets and *In Extremis* Depositions**

Plaintiffs will continue to complete Plaintiff Fact Sheets and provide such information to Defendants. *In extremis* depositions should also continue in an attempt to preserve evidence in compliance with the Court's November 5, 2013 order.

**3.    Upcoming Case Management Conference**

The Defendant's must reach consensus on a date by which their productions and responses will be "complete", to allow follow up deposition's and discovery on general causation to proceed. The Parties are instructed to meet and confer to select and "end date" for data to be considered, and a fact discovery cut-off date with regard to general causation. This agreed upon date, or any impasse between the parties with respect to a general causation discovery cut-off date, will be presented to the Court at the next telephonic Case Management Conference scheduled for **March 4, 2014 at 8:30 a.m. in Courtroom 3B**. The parties must submit a list of the individuals who will be appearing telephonically in addition to the call-in instructions no later than **February 28, 2014.** The parties may also file a stipulation detailing any agreed upon dates if such an agreement can be reach prior to the March 4, 2014 Case Management Conference. No other briefing or writing will be accepted in this regard.

IT IS SO ORDERED.

DATED: February 18, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge