UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | MDL Case No.13md2452 AJB (MDD) <br> As to all related and member cases <br> ORDER DENYING MOTION TO FILE UNDER SEAL <br> [Doc. No. 441] |

The matter before the Court is Plaintiffs' motion to file certain documents in support of their Opposition to Defendants' Motion for Summary Judgment under seal. For the following reasons, the motion is DENIED without prejudice.

I.  **BACKGROUND** [1]

This multidistrict litigation involves claims for personal injuries and/or wrongful death allegedly caused by four types of incretin-based drugs used to treat diabetes mellitus type 2. Incretin-based drugs contain incretin hormones, which help lower blood sugars by stimulating the production of insulin. Plaintiffs allege that these incretin-based drugs cause pancreatic cancer. Defendants are four pharmaceutical companies that

---

[1] All factual allegations are taken from the Master Consolidated Complaint. (Doc. No. 202, Ex. A.)

manufacture, design, test, package, label, market, advertise, distribute and/or sell the incretin-based drugs at issue.

On April 17, 2014, Defendants filed a Motion for Summary Judgment based on federal preemption, arguing Plaintiffs' state-law claims predicated on failure-to-warn theories are preempted by federal law. (Doc. No. 410.)  On May 12, 2014, Plaintiffs filed their Response in Opposition. (Doc. No. 443.)  Additionally, Plaintiffs seek to file certain documents attached to their Response under seal. (Doc. No. 441).  Those documents are currently filed sealed lodged on the Court's docket.  (Doc. No. 442.)

## II. DISCUSSION

### A. Legal Standard

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79.  In turn, the court must "conscientiously balance the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Id.*  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

A strong presumption of access to judicial records applies fully to dispositve pleadings, including motions for summary judgment and related attachments.  Thus, to warrant the Court's grant of the request to seal, the party must show "compelling reasons." *Kamakana*, 447 F.3d at 1179.  Relevant factors include the "public interest in

understanding the judicial process and whether disclosure of the material could result in improper use . . ." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010)(citations omitted).  In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id*.

**B.     Analysis**

In their motion to file under seal, Plaintiffs state that the documents they seek to seal are either those that have been designated confidential under the Protective Order, (Doc. No. 246), or are declarations which explicitly discuss the contents of documents so designated. (Doc. No. 441 at 2.)  The documents contain information that are deemed "sensitive scientific material and business material" that is not disseminated to the public or industry at large. (*Id.*)

However, with such sparse information, the Court is unable to "conscientiously balance the competing interests of the public and the parties who seeks to keep certain judicial records secret," let alone base its decision on a compelling reason and articulate the factual basis for its ruling. *Kamakana*, 447 F.3d at 1178–79.  Though the Parties themselves may have stipulated to the confidential nature of this information, the "compelling reasons" standard is invoked even if the motion, or its attachments, were previously filed under seal or protective order. *Id.* at 1179.

Accordingly, Plaintiffs have failed to meet their burden to justify the sealing the information listed.  The Court DENIES the motion to file under seal without prejudice. Plaintiffs may refile its motion to seal, articulating details that will allow the Court to make a reasoned decision grounded on a factual basis.  Further, as the information sought to be sealed appears to be solely related to Defendants' business interests, the Court recommends the Parties file a joint motion to seal so that Defendants may put forth their reasons to seal the "confidential" information.

## II. CONCLUSION

Plaintiff's motion to file under seal is Denied without prejudice. The Clerk of Court is instructed to maintain the currently sealed lodged proposed documents under seal. (Doc. No. 442.) The Parties must refile a motion to file under seal, addressing the deficiencies noted herein, on or before May 21, 2014. If the Parties fail to do so, or fail to meet their burden of showing compelling reasons to warrant sealing, the Court will order the sealed lodged documents unsealed.

IT IS SO ORDERED.

DATED: May 13, 2014

Hon. Anthony J. Battaglia
U.S. District Judge