UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CACOSSA<br><br>         Plaintiff,<br>v.<br><br>AMYLIN PHARMACEUTICALS, INC., AMYLIN PHARMACEUTICALS, LLC., AND ELI LILLY AND COMPANY, and DOES 1 to 100<br><br>         Defendants. | CASE NO. 3:12-cv-03020-AJB (MDD)<br>MDL CASE NO. 3:13-md-02452-AJB (MDD)<br><br>ORDER GRANTING MOTION TO AMEND AND SUBSTITUTE PLAINTIFF<br><br>[Doc. No. 42 in 3:12-cv-03020] |

    Presently before the Court is Plaintiff Ronald Cacossa's ("Decedent") motion for leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15 and 17(a).[1] (Doc. No. 42.) Decedent died on January 8, 2012 and a personal injury lawsuit was filed in his name on December 12, 2012. (*Id.* at 2, Ex. A.) Decedent's attorney seeks to substitute Decedent's wife and personal representative Ellen Cacossa ("Cacossa") as the plaintiff in this case and add wrongful death and survivorship causes of action. (Doc. No. 42, Ex. C.) Defendants Eli Lilly and Company and Amylin Pharmaceuticals LLC (collectively, "Defendants") opposes the instant motion, alleging that the suit is a nullity because Decedent was deceased at the time the suit was filed. (Doc. No. 45.) Decedent's attorney alleges that he committed an honest and understandable mistake by filing the suit

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rules" unless indicated otherwise.

in Decedent's name. (Doc. No. 42 at 3–4.) Having considered the parties' arguments, and for the reasons set forth below, the Court GRANTS the Motion.

## I.     BACKGROUND

In or around October 16, 2006, Decedent was prescribed and began taking Byetta upon the direction of Decedent's physician for long-term maintenance of Type II diabetes. (Doc. No. 41, Ex. A ¶ 81.) Decedent continued to take Byetta until at least December 13, 2009, at which time he was diagnosed with pancreatitis. (*Id.* at 82.) In December of 2009, Decedent was diagnosed with pancreatic cancer, and passed away on January 8, 2012 while domiciled in South Carolina. (*Id.*; Comp. at 4.) A personal injury lawsuit was filed in his name more than eleven months later on December 12, 2012. (Doc. No. 1, Ex. A.) Each cause of action was based on Decedent's use and ingestion of a prescription diabetes medication designed, manufactured, marketed, and/or distributed by Defendants that allegedly caused Decedent to develop pancreatitis and then pancreatic cancer. (*See* Comp.; Doc. No. 42 at 5.)

On December 19, 2012, the action was removed to this Court on the basis of diversity, (Doc. No. 1), and then consolidated with MDL 2452 pursuant to the Judicial Panel on Multidistrict Litigation's transfer order. (13md2452, Doc. No. 1.) Thereafter, Decedent's attorney provided Defendant's attorney with the Plaintiff's Fact Sheet in August 2013 that notified Defendant of Decedent's death, but Decedent's attorney did not attach a death certificate or autopsy report. (Doc. No. 42 at 4; Doc. No. 45, Ex. A.) On October 29, 2013, Ellen Cacossa was named the personal representative of Decedent's estate and issued a Certificate of Appointment by the Horry County, South Carolina Probate Court. (Doc. No. 42 at 2–3, Ex. B.) Decedent's attorney then filed a suggestion of death of Decedent with the Court on January 14, 2014, more than two years after Decedent's death. (Doc. No. 26.)

Decedent's attorney filed the instant motion for leave to amend to substitute plaintiff on March 13, 2014. (Doc. No. 42.) Decedent's attorney attached a proposed amended complaint that adds wrongful death and survival causes of action. (*Id.*, Ex. C.)

1 Defendant filed an opposition to the motion on March 27, 2014, alleging that the lawsuit
2 is a nullity because Decedent died before the suit was filed.  (*See* Doc. No. 45.)  Dece-
3 dent's attorney filed a reply to the Defendant's opposition on April 3, 2014.  (Doc. No.
4 47.)  The Court heard oral argument on this motion on May 15, 2014.

## II.     LEGAL STANDARD

Federal Rules of Civil Procedure 15 and 17 allow amendments to the complaint and define who may bring a lawsuit, respectively.  Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  The grant or denial of leave to amend is in the discretion of the court.  *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently, the policy in favor of granting leave to amend is applied with extreme liberality.  *See Eminence Capital*, *LLC v. Aspeon*, *Inc*., 316 F.3d 1048, 1051–52 (9th Cir. 2003) (stating that courts consider bad faith, undue delay, prejudice to the opposing party, and futility of amendment when determining whether to grant leave to amend).

Under Rule 17(a), "every action shall be prosecuted by the real party in interest." "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit."  *Fed. Deposit Ins. Corp. v. Gelderman Inc*., 975 F.2d 695, 698 (10th Cir. 1992); *see also Audio-Visual Mktg. Corp. v. Omni Corp*., 545 F.2d 715, 719 (10th Cir. 1976) (stating that whether a party is a real party in interest is determined under substantive state law).  However, the court may not dismiss an action for failure bring suit in the name of the real party in interest under Rule 17(a)(3) unless there was: (1) a timely objection; and (2) a reasonable time for the appropriate party to be substituted in the action.  6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1541 at 321 (2d ed.1990).  In determining whether substitution under Rule 17(a)(3) is proper, the court focuses "on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was honest), and on whether the

defendant was prejudiced thereby." *Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir.2004) (internal citations omitted).

Finally, under South Carolina law, the law applicable here, "[c]auses of action for . . . all injuries to the person or to the real personal property shall survive both to and against the personal or real representative . . . of the deceased person . . ." S.C. Code Ann. § 15-5-90. However, despite the broad language of Section 15-5-90, the South Carolina supreme court has recognized several exceptions to the survivability of a claim, including claims involving "malicious prosecution, slander, fraud and deceit." *Ferguson v. Charleston Lincoln/Mercury, Inc.*, 544 S.E.2d 285, 288 (S.C. Ct. App. 2001). Therefore, to determine whether a claim is foreclosed by the death of the original plaintiff, notwithstanding the survival statute, courts in South Carolina look to the "nature and substance of the cause of action, rather than the form of the remedy . . . ." *Ward v. Atlas Constr. Co.*, 278 S.E.2d 621, 623 (S.C. 1981).

**III. DISCUSSION**

The issue presented by the current motion is whether an action is deemed a nullity if filed in the name of a deceased individual, or whether the complaint can be amended to name the real party in interest. Counsel for Decedent contends that although the Decedent was already deceased at the time the complaint was filed, Federal Rules of Civil Procedure 15(a) and 17(a)(3) allow for amendment to substitute the real party in interest, here Ellen Cacossa, in place of Decedent.[2] Defendants object, arguing that the complaint is a nullity and amendment should not be permitted because there is no rule permitting amendment of an invalid complaint. Defendants also maintain that to the extent a legally invalid complaint could be amended, Rule 17(a)(3) only permits amendment when an "understandable mistake has been made."

---

[2] Counsel for Decedent does not contend that Rule 25(a) allows for substitution, as Rule 25(a)(1) only allows substitution for someone who was a party before his death. *See Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)

As stated by the Supreme Court of South Carolina, "[a] civil action may be maintained only in the name of a person in law, an entity, which the law of the forum may recognize as capable of possessing and asserting a right of action. A suit brought in a name which is not a legal entity is a nullity and the action fails." *Glenn v. E.I. DuPont De Nemours & Co.*, 254 S.C. 128, 133 (S.C. 1970). Moreover, if there is a lack of a legal entity, the whole action fails. "If an action is brought in the name of that which under the Lex fori has no legal entity, it is as if there was no plaintiff in the record and therefore no action before the court; which presents an instance of want of jurisdiction." *Id.* at 134 (internal citations omitted). Accordingly, a "complaint brought in the name of a plaintiff which is not a legal entity as a nullity and there is no foundation upon which to base an amendment." *Id.*

Under this analysis then, because the original Complaint was filed in the name of Decedent, who was then not a "legal entity," the original Complaint is thus a nullity. *See Garlock Sealing Tech., LLC v. Pittman*, 2010 WL 4009151, at *5 (Miss. 2010) ("Legal existence is a basic threshold; it serves as a prerequisite for having capacity to sue. Legal existence means, at a minimum, that the individual suing is alive." (internal citations omitted)). However, with regards to the substitution of a proper party for a nonexisting party, South Carolina recognizes that "it is well settled that where an action is brought in the name of a nonexisting plaintiff, an amendment of complaint by substituting the proper party to the action will be regarded as the *institution of a new action* as regards [to] the statute of limitations. " *Id.* at 135.

Accordingly, the Court finds that Plaintiff should be allowed to amend the complaint, substituting Mrs. Cacossa as the proper party. With this, the Court treats the amendment as the institution of a new action as to the statute of limitations. The effective filing date is March 3, 2014, the date of the filing of the Motion to Amend. The Court does find that Mrs. Cacossa will not be able to rely on the relation back doctrine. *See id.* ("It is our conclusion that the action instituted by the respondent was a nullity, and it could not be vitalized by substituting an administratrix De bonis non after the action was

1  brought under the 'relation back doctrine.")  Moreover, there can be no good faith belief
2  on the part of Mrs. Cacossa or any other party, that the original Complaint was not a
3  nullity as the Complaint was filed eleven months after Decedent passed away.  *Id.*
4       Counsel for all parties represented to the Court that all claims Mrs. Cacossa
5  attempts to bring are subject to a three year statute of limitation.  At the hearing on the
6  matter, counsel for Defendants alerted the Court that their main concern was the preser-
7  vation of all arguments and defenses against Plaintiff's survival and wrongful death
8  claims, including the running of the statute of limitations.  Counsel for Decedent argued
9  that the Court may have to consider and rule on their ability to rely on the delayed
10 discovery rule in a future time after some discovery has been conducted.  The Court
11 agrees.  Accordingly, the Court finds that in the interest of justice to all parties, Plaintiff's
12 motion to amend should be GRANTED with the understanding the Defendants are not
13 waiving any defenses.  ***Plaintiff must file the Amended complaint as aforesaid. It's***
14 ***attachment as an exhibit will not be sufficient to effect such filing.***

## III. CONCLUSION

16      For the foregoing reasons, Plaintiff's motion to amend and substitute Mrs. Ellen
17 Cacossa in the place of Decedent, is GRANTED.  The amendment shall be construed as
18 the institution of a new action at the time this motion was filed, March 13, 2014.  The
19 Court further finds that Defendants preserve any and all defenses that may be raised at a
20 future date.  Plaintiff must file her Amended Complaint within thirty (30) days of this
21 Order.

23 IT IS SO ORDERED.
24 DATED: May 16, 2014

                                             *[signature]*
                                             Hon. Anthony J. Battaglia
                                             U.S. District Judge