UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | ) MDL Case No.13md2452 AJB (MDD) ) ) As to all related and member cases ) ) ORDER FOLLOWING July 1, 2014 ) CASE MANAGEMENT ) CONFERENCE ) |

On July 1, 2014, the Court held a Case Management Conference to address remaining issues following the May 28, 2014 Case Management Conference as well as issues raised by the Parties in their Joint Agenda. The following is a summary of the proceedings.

1. The Parties have agreed to a February 28, 2014 data end-point with respect to Defendant Eli Lilly and Company.

2. Defendants have agreed to certify complete production of "FDA files" as defined and outlined by the Court's March 25, 2014 Order. (Doc. No. 377.) Defendants Merck and Novo Nordisk Inc. have submitted certifications in compliance with this Courts June 3, 2014 Order. (Doc. No. 469.) Defendant's Amylin and Eli Lilly are still two weeks and four weeks, respectively, away from complete production. Certification as to completeness from these Defendants will be forthcoming.

3. As to verification of completeness for interrogatories and document requests, the Court will view those as complete as of the date of the verified responses.

4. The Parties are unable to agree upon a discovery schedule for preemption and general causation. Accordingly the Court **ORDERS** as follows:

    a. Depositions of custodians that have been identified will commence on **September 2, 2014** and will be completed by **October 14, 2014**[1];

    b. Plaintiffs' disclosure of experts and their reports pursuant to Fed. R. Civ. P 26(a)(2)(A through C) must be filed and served by **November 17, 2014**;

    c. Defendants' disclosure of experts and their reports pursuant to Fed. R. Civ. P 26(a)(2)(A through C) must be filed and served by **December 17, 2014**;

    d. Plaintiffs' rebuttal reports must be filed and served by **January 30, 2015**; and

    e. Deposition of experts must be completed by **March 6, 2015.**

    f. At a future conference, the court will set a hearing and briefing schedule for the summary judgment on preemption. Following a decision on preemption, summary judgment will be scheduled on the issue of general causation if necessary.

5. If Plaintiffs demonstrate that there are issues with regards to completeness of Defendants production on information relevant to the preemption and general causation issues at the next Case Management Conference on August 14, 2014, the Court will consider amending the above scheduling order.

---

[1] Thirty-five total with ten (10) from Merck, ten (10) from Eli Lilly, seven (7) from Novo Nodisk, and eight (8) from Amylin.

Counsel are reminded of the limited scope of discovery in the case at this stage on these preliminary issues. As the Court has previously stated, these issues are,

" . . . a matter of science, and therefore, scientific documents and/or scientific evidence frame the universe of contemplated discovery. Without a scientific basis for the claim that the pharmaceuticals at issue cause pancreatic cancer there is no other way to prove or disprove Plaintiffs' claims. As a result, permitted discovery includes actual scientific evidence such as animal studies, clinical trials, epidemiologic data, adverse event reports, and submittal documents to scientific and government organizations including the FDA and EMA with regard to the causal link in dispute in this case." (Doc. No. 377)

6. The Parties are still in the process of drafting a deposition and privilege protocol and have represented that they anticipate submission of final versions to the Court soon. There may be a few adjustments needed in light of the schedule created by the Court. The Court will intervene if the Parties are unable to resolve certain disputes.

7. The Parties are in the process of completing a notice provision to add to the Protective Order.

8. The Parties are in the process of drafting a proposed Decedent Estate Stipulation allowing the Court to appoint interim estate representatives for purposes of this litigation. The Court urges the Parties to continue their efforts and to contact the Court if issues arise in the interim. Upon further reflection, the Court would view Defendants' twelve month sunset provision as superior. Otherwise, Plaintiffs might delay necessary probate and estate proceedings to their detriment.

9. There are currently fifty-five cases in which the alleged injury is thyroid cancer. These cases have been consolidated outside of the MDL. Though these cases are not part of the MDL, all Parties anticipate that many protocols in the MDL will be utilized. Counsel for the Parties are currently drafting Master Pleadings. The Court will stay answers until the Master Pleadings are in place.

10. From a request by the Parties and for good cause shown, the Court will relieve the Parties from the 45-day Rule as it relates to discovery motions before Magistrate Judge Dembin. Given the voluminous production of documents in this MDL, the Court will instead utilize a more flexible "reasonable diligence" standard. However, the Court will strictly require the Parties to exercise reasonable diligence and will not tolerate deliberate delay.

11. This Court will undertake discovery motions on issues that relate directly to preemption and general causation in an effort to facilitate the forward progression of this case. This Court is best suited to handle such discovery matters due to the direct supervision and involvement thus far. The Parties are relieved of their five (5) page limit restriction. Counsels should meet and confer on logistics, including page limits and call the Court to set a hearing date.

The next Case Management Conference is scheduled for **August 14, 2014 at 9:00 am.** At approximately 9:00 am, the Court will meet and confer with members of Plaintiffs' Lead and Liaison Counsel and Defendants' Steering Committee in chambers. This informal meeting will be followed by an on the record session beginning at approximately 10:00 am in Courtroom 3B. The parties may appear in person or telephonically for the July 1, 2014 conference. Any call-in instructions, topics for discussion, and a list of the individuals who will be appearing telephonically must be submitted to the Court via e-file no later than **August 11, 2014.**

4

13md2452 AJB (MDD)

IT IS SO ORDERED.

DATED: July 1, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge