1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: INCRETIN-BASED THERAPIES PRODUCTS LIABILITY LITIGATION,<br><br>*This Document Relates to All Cases* | CASE NO. 13-md-2452 AJB (MDD)<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF AMENDED PROTECTIVE ORDER**<br><br>[Doc. No. 530] |

The Court enters the following Protective Order (the "Order") in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled.

**1.     Scope of Order; Definitions**

   a.   The term "Document" means all tangible items, whether written, recorded or graphic, whether produced or created by a Party or another person, whether produced pursuant to subpoena, to discovery request, by agreement, or otherwise.

   b.   The term "Litigation" shall refer to all proceedings in this MDL, as well as all cases filed in or related to this MDL and any case coordinated or consolidated with any case in this MDL pursuant to this Court's low-number rule (Civil Local Rule 40.1.e & i) or otherwise.

   c.   The term "Discovery Materials" means all products of discovery and all information derived therefrom, including, but not limited to, all originals and copies of Documents, objects or things, deposition transcripts, responses to written discovery, information, or other written, recorded or graphic matter produced by a Party or third party (the "Producing Party") in the course of this Litigation. This Order applies to all Discovery Materials.

   d.   The term "Confidential" means (1) sensitive business or scientific material or information which in the ordinary course is neither made available to the general public or the industry at large, and/or which the Producing Party would not normally reveal to third parties, or would cause third parties to maintain in confidence, such as sales, technical product details, commercial, financial, budgeting and/or accounting information, or marketing studies; or (2) information that the Producing Party reasonably believes constitutes a trade secret under applicable statutory and case law; or (3) other information which in the ordinary course is neither made available to the general public or the industry at

large and to which access is restricted and efforts have been made to prevent the information from being broadly disseminated; or (4) other information that the Producing Party reasonably believes constitutes such highly sensitive technical or proprietary business information of such Producing Party that its disclosure might result in an unfair competitive, financial or commercial advantage to the Party receiving the information (the "Receiving Party") or competitors or disadvantage to the Producing Party, such as research, development information, testing data and analysis, information about existing and potential customers, business strategies, decisions and/or negotiations, and/or confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the Parties to this action have had business relationships.  A Producing Party may designate material or information as "Confidential" on behalf of another person or entity with whom the Producing Party has a confidential business relationship pursuant to which the Producing Party has come into possession, custody, or control of such material or information, and pursuant to which the Producing Party is obligated to take steps to protect the confidentiality of such material or information.

   e. The term "Confidential Discovery Materials" means all Documents or Discovery Materials produced or discovered in response to discovery requests propounded by Plaintiffs in the Southern District of California that are designated Confidential.

   f. This Order shall be understood to encompass not only those items or things which are expressly designated as Confidential, but also all copies, excerpts, and summaries thereof, as well as testimony, oral communications, and other work product containing Confidential information or information derived therefrom.

**2.   Designation of Confidential Discovery Materials as "Confidential" or "Confidential – Attorneys' Eyes Only"**

a.   Confidential Discovery Materials may be designated by a Party as "Confidential" or "Confidential – Attorneys' Eyes Only." A "Confidential – Attorneys' Eyes Only" designation is appropriate only where the Confidential Discovery Materials are so extremely sensitive that there is a real danger that the Producing Party could be prejudiced, or its competitive position in the market(s) in which it operates could be damaged, if the information is disclosed under the protection provided by a "Confidential" designation.

b.   Any Document that the Producing Party intends to designate as Confidential shall bear the legend "Confidential – Subject to Protective Order" or "Confidential – Attorneys' Eyes Only – Subject to Protective Order". The legend shall be affixed to each page of Document to be designated, but shall not obscure any part of the text.

c.   The designation of "Confidential" or "Confidential – Attorneys' Eyes Only" Documents shall be made at the following time: (1) for Documents, at the time of the production of the Documents; (2) for written responses to interrogatories or requests for admissions, at the time of the written response; and (3) for declarations and pleadings, at the time they are filed.

d.   In situations where it is not feasible to designate particular Documents, a Producing Party may make the storage medium of those Documents produced in electronic form as "Confidential" or "Confidential — Attorneys' Eyes Only." Such designation of the storage medium shall serve to designate each of the files on the medium. Where the Receiving Party seeks to share Confidential Information with permissible parties as described herein, the Receiving Party shall mark printouts of Confidential Discovery Material "Confidential – Subject to Protective Order" prior to disseminating such Confidential Discovery Materials. The Receiving Party shall mark the storage medium of any permissible copies of

the Confidential Discovery Material with the legend "Confidential – Subject to Protective Order."

   e. The following Confidential Discovery Material, duly designated as such, may be redacted from Documents produced:

    (1) Protected Health Information ("PHI"), including the names and any information that would identify the person using the product;

    (2) names and any information contained in adverse reaction reports, product experience reports, consumer complaints and other similar data that would identify any third party involved with the report, including, but not limited to, a physician or hospital or other institution;

    (3) manufacturing methods or processes, including quality control procedures, and proprietary formulas; and

    (4) such other redactions as may now or hereafter be provided for by law or permitted by Order of this Court;

   f. No person shall attend depositions (or portions of depositions) during which Confidential Discovery Materials are disclosed unless such person is an authorized recipient of Confidential Discovery Materials under the terms of this Protective Order. If, during the course of a deposition, the response to a question would require the disclosure of Confidential Discovery Materials, the witness may refuse to answer or the Producing Party or Party whose Confidential Discovery Materials would be disclosed may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Discovery Materials leaves the room. If information disclosed during depositions includes Confidential Discovery Materials, then counsel, the witness, or the Party whose Confidential Discovery Materials is to be or was disclosed, may state on the record at the deposition that a portion of the

transcript, or if appropriate, the entire transcript and record of the deposition contains Confidential Discovery Materials and shall be sealed. Additionally, a Party may designate such Confidential Discovery Materials in writing within thirty (30) days of the completion of the transcript of such deposition (as certified by the court reporter). Prior to the expiration of such thirty (30) day period, all information disclosed during a deposition shall constitute "Confidential Discovery Materials" unless otherwise agreed by the parties and the witness, or ordered by the Court.

      g.    It shall be the duty of the Party seeking protection of Confidential Discovery Materials to indicate to the other party and its counsel of record which of the materials and testimony are considered "Confidential."

      h.    Confidential Discovery Materials shall not be disclosed in any way to persons, other than as provided for under this Protective Order. Any person with custody of Confidential Discovery Material shall maintain it in a manner which ensures that access to Confidential Discovery Materials is strictly limited to persons entitled to receive Confidential Discovery Materials in accordance with the provisions of this Protective Order.

    **3.**    **Use of Confidential Discovery Materials**

      a.    All Confidential Discovery Materials shall be used by the Receiving Party or any other person receiving Confidential Discovery Materials solely for the prosecution or defense of the Litigation, and not for any other purpose, including any business, competitive, governmental, commercial, or administrative purpose or function.

      b.    This Order shall not preclude a party from producing his or her adverse event information to the FDA.

      c.    The terms of this Order shall in no way affect the right of any person: (1) to withhold information on alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product, or privacy

rights, if any, of such third parties as patients, physicians, clinical investigators, or reporters of claimed adverse reactions; or (2) to withhold information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

**4. Non-Disclosure of Confidential Discovery Materials**

Except with the prior written consent of the Producing Party, Confidential Discovery Materials, or any portion thereof, may not be disclosed to any person, including any plaintiff, except as set forth in Paragraph 5 below.

**5. Permissible Disclosures of Confidential Discovery Material**

    a. Confidential Discovery Materials designated as "Confidential" may be disclosed to and used only by the following persons in the Litigation and only to the extent necessary for the prosecution or defense of this Litigation:

(1) A Party to the Litigation, or an officer, director, employee, partner, conservator, guardian, trustee or executor of a Party;

(2) inside counsel for a Party to the Litigation having direct responsibility for, working directly on, or testifying in connection with, the Litigation and their secretaries, paralegal assistants, and employees of such attorneys, to the extent reasonably necessary to render professional services in the Litigation;

(3) counsel of record for a Party to the Litigation and his or her partners, associates, secretaries, paralegal assistants, and employees;

(4) court officials involved in the Litigation, including the Court and its staff, jurors, court reporters, persons operating video recording equipment at depositions, and any Special Master or referee appointed by the Court;

      (5)    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; after notice to the Producing Party and an opportunity to be heard;

      (6)    actual and potential trial or deposition witnesses in the Litigation and their counsel, to the extent reasonably necessary for giving or eliciting testimony, and in preparing to testify in the Litigation;

      (7)    outside consultants or experts retained by a Party or its attorneys of record to assist in the Litigation, such as independent accountants, independent contract attorneys, expert witnesses, statisticians, economists, or other technical experts and/or consultants;

      (8)    employees of third-party contractors retained by a Party or outside counsel for a Party, involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with the Litigation, including the performance of such duties in relation to a computerized litigation support system;

      (9)    insurers; and

      (10)    any other person, if consented to in writing in advance by the Producing Party.

    b.    Confidential Discovery Materials designated as "Confidential – Attorneys' Eyes Only" may be disclosed to and used only by persons listed in Paragraphs 5(a)(2)-(10) above.

    c.    Any Plaintiff, or individual listed in Paragraphs 5(a)(3) or 5(a)(6)-(8) above, to whom disclosure of Confidential Discovery Materials is to be

made shall sign a copy of the "Endorsement of Protective Order" attached as Exhibit "A" prior to such disclosure, unless prior written consent for the disclosure has been obtained from the Producing Party or permission for such disclosure has been given by the Court. Counsel providing access to Confidential Discovery Materials shall retain copies of the executed Endorsement(s) of Protective Order.

        d.    Before disclosing Confidential Discovery Materials to any person listed in Paragraphs 5(a)(1) or 5(a)(6)–(8) who is a Customer or Competitor (or an employee of either) of the Producing Party or the person or entity on whose behalf the Producing Party designated the material as "Confidential," the Party wishing to make such disclosure shall give at least fourteen (14) days' advance notice in writing to the counsel who designated such information as Confidential, stating that such disclosure will be made, identifying with particularity the Confidential Discovery Materials to be disclosed and stating the purposes of such disclosure. If, within the fourteen (14) day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. As used in this paragraph, (a) the term "Customer" means any direct purchaser of products from Defendants, or any regular indirect purchaser of products from Defendants (such as a pharmacy generally purchasing through wholesale houses), and does not include physicians; and (b) the term "Competitor" means, with regard to any Defendant, any manufacturer or seller of prescription medications other than the Producing Party, including, without limitation, other Defendants in this Litigation.

**6.   Production of Confidential Materials by Non-Parties**

Any non-party who is producing Discovery Materials in the Litigation may agree to and obtain the benefits of the terms and protections of this Order by designating as "Confidential" the Discovery Materials that the non-party is producing, as set forth in Paragraph 2.

7. **Inadvertent Disclosures**

a. Privileged Information: The inadvertent production of any Discovery Materials that would be protected from disclosure under the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. To the extent that any Receiving Party discovers the inadvertent production of privileged materials, it shall contact the Producing Party regarding such inadvertent production within seven days of its discovery. To the extent the Producing Party discovers the inadvertent production of privileged materials, it shall contact all Receiving Parties regarding such inadvertent production within seven days of its discovery. The Party in possession of any inadvertently produced Discovery Materials, upon request from the Producing Party, shall: (1) promptly return the inadvertently produced Discovery Materials and all copies of the Discovery Materials in its possession, custody or control, including any copies made and/or shared with its experts, consultants, agents and other persons identified in Paragraph 5(a)(6)-(8) above; (2) delete any electronic copies or versions of the inadvertently produced Discovery Materials, including electronic copies stored in any litigation-support or other databases, email, and servers; (3) refrain from making any use of the inadvertently produced information contained in the Discovery Materials; and (4) turn over or destroy any notes or work product reflecting the contents of the inadvertently produced Discovery Materials. To the extent the party in possession of the inadvertently produced Discovery Materials disagrees with the Producing Party that such materials are privileged or otherwise protected from disclosure, the Receiving Party shall have the right to apply to the Court for an order that such Discovery Materials are not protected from disclosure by any privilege. The Party receiving such materials, however, may not assert the fact or circumstances of the inadvertent production as a ground for such motion. Until the parties have resolved any dispute concerning the privileged nature of any

1  inadvertently produced Discovery Materials, or the Court has issued an order
2  concerning the disputed materials, no use shall be made of the disputed materials
3  during depositions, in motions, or at trial, nor shall they be disclosed to any other
4  Party or individual who was not given access to such materials before discovery of
5  the inadvertent production.

6        b.    <u>Confidential Information</u>:  The inadvertent, unintentional, or *in*
7  *camera* disclosure of Confidential Discovery Materials shall not be deemed a
8  waiver, in whole or in part, of any Party's claim of confidentiality.  Within 15 days
9  of the discovery of such inadvertent or unintentional disclosure, any Party to this
10 Order may advise the other Parties that the Confidential information is to be
11 designated as Confidential Discovery Material under terms of this Order.

12       c.    <u>Information Subject to Redaction</u>:  The inadvertent production
13 of any unredacted Discovery Materials that would otherwise be subject to
14 redaction under this Order shall not be deemed a waiver, in whole or in part, of any
15 party's claim of confidentiality as to such information.  To the extent any Party
16 discovers the inadvertent production of Protected Health Information subject to
17 redaction, the provisions of Paragraph 7(a) shall apply.  Within 15 days following
18 the return of Protected Health Information, the Producing Party shall serve all
19 Parties with a redacted version in accordance with this Order.

20 **8.**    **<u>Declassification</u>**

21       a.    Nothing shall prevent disclosure beyond that limited by this
22 Order if the Producing Party consents in writing in advance of such disclosure.

23       b.    If at any time a Party (or aggrieved entity permitted by the
24 Court to intervene for such purpose) wishes for any reason to dispute a designation
25 of Discovery Materials as Confidential made hereunder, such person (the
26 Disputing Party) shall notify the Producing Party of such dispute, in writing,
27 identifying with specificity (including exact Bates number(s) if applicable) the
28 Discovery Materials in dispute.  The Producing Party shall respond in writing

within 14 days of receiving such notification. The Disputing Party shall have 10 days either to accept or reject Producing Party's explanation.

      c.      If the parties are unable to resolve any dispute amicably, the Disputing Party may apply to the Court for a ruling that a document (or category of documents) designated as Confidential is not entitled to such status and protection within thirty (30) days of the Producing Party's response as provided in Paragraph 8(b).

      d.      If the time for filing a motion as provided in Paragraph 8(c) has expired without the filing of any such motion, all objections as to the Confidential status of the Confidential Discovery Materials in question shall be deemed waived absent an agreement by the Parties to the contrary.

      **9.**      **Confidential Discovery Materials in Depositions**

      a.      Counsel for any Party may show Confidential Discovery Materials to a non-party deponent during deposition and examine the non-party deponent about the materials so long as the deponent already knows the Confidential information contained therein, or if the attorney proffering the Confidential Discovery Materials complies with the provisions of Paragraph 5. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential information not provided by them or the entities they represent unless they sign the Endorsement of Protective Order or otherwise comply with the provisions in Paragraph 5. A deponent who is not a Party shall be furnished a copy of this Order before being examined about potentially Confidential Discovery Materials. While a deponent is being examined about any Confidential Discovery Materials or the Confidential information contained therein, persons to whom disclosure is not authorized under this Order shall be excluded from being present.

      b.      Parties and deponents may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as

Confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the legends listed in Paragraph 2(b) above. Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as subject to Confidential protection under this Order. If no Party or deponent timely designates Confidential information in a transcript as Confidential, then none of the transcript or its exhibits will be treated as Confidential. If a timely designation is made all copies of the Confidential portions and exhibits shall be treated as Confidential pursuant to the terms of this Order.

### 10.   **Confidential Discovery Materials Offered as Evidence**

a.   A party who seeks to introduce Confidential Discovery Materials at a hearing, trial or other proceeding shall advise the Producing Party prior to the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

b.   A party who intends to attach Confidential Discovery Materials to a court filing shall, to the extent circumstances allow, provide the Producing Party two days advance written notice of their intent to do so, and shall move to file them under seal. Should a party require additional time to make a filing as a result of this advance notice provision, the party may contact chambers by telephone (with the other parties present) to request such time.

### 11.   **Procedure for Filing Documents Under Seal**

a.   All documents that must be filed under seal pursuant to this Protective Order shall be accompanied by a motion seeking leave to file under seal, referencing the applicable terms of sections 10(b) and 11(a)-(d) of this Protective Order. The filing party must contemporaneously, but in no event later

than 24 hours, provide to the Producing Party copies of all Confidential Discovery Materials filed, via email or other secure electronic means of transmission.

  b. Where a filing party opposes or objects to sealing some or all of the Confidential Discovery Materials that the filing party is filing, the filing party must note this opposition in the caption of the motion to seal (for instance, "Motion to Seal by Party that Partially Opposes Sealing"). The filing party must also briefly state its position regarding each Confidential Discovery Material in the body of the motion to seal, using identifiers that protect Confidential Discovery Information.

  c. Upon receipt of a filing accompanied by a motion to seal, the Producing Party or real party in interest who wishes to maintain Confidential Discovery Materials under seal shall have 14 days in which to file a motion to seal that demonstrates good cause for the Confidential Discovery Materials to be maintained under seal. Any party wishing to respond to such motion may do so within 7 days.

12. **Client Consultation**

Nothing in this Order shall prevent or otherwise restrict any attorney herein from rendering advice to their clients in the Litigation and, in the course thereof, relying generally on examination of Confidential Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Paragraph 5.

13. **Subpoena by other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials which a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify the designating Party in writing by providing a copy of the subpoena. In no event shall Confidential Discovery Materials be produced

prior to the receipt of written notice by the designating Party and a reasonable opportunity to object. Furthermore, the person receiving the subpoena or other process shall cooperate with the Producing Party in any proceeding related thereto.

### 14. Non-termination

a. The provisions of this Order shall not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the Southern District of California, for the purposes of enforcement of the confidentiality terms of this Order. Within forty-five (45) days after final conclusion of all aspects of the Litigation, if any, the Parties shall, at their option, return or destroy Confidential Discovery Materials and all copies of same. If counsel elects to destroy Confidential Discovery Materials, they shall consult with counsel for the Producing Party on the manner of destruction and obtain such Party's consent to the method and means of destruction. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the Discovery Materials not more than sixty (60) days after final conclusion of the Litigation. For purposes of this Order, final conclusion shall be taken and construed as the date a dismissal (whether voluntary or involuntary) or final judgment is entered.

b. Counsel for the Parties shall maintain a list of the names of all persons, including all experts expected to testify at trial, who inspect or view confidential documents or information, or who receive any copies of such confidential documents or information, and shall make a list available to the Parties at the final conclusion of this Litigation.

### 15. Responsibility of Attorneys; Copies

The attorneys of record are responsible for employing all reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of Confidential Discovery Materials, including abstracts and

summaries thereof.  Counsel providing access to Confidential Discovery Materials to any individual listed in Paragraph 5(a)(3), other than the undersigned counsel for Petitioner or his partners, associates, secretaries, paralegal assistance, and employees, shall, within 10 days of providing such access, deliver a copy of the executed Endorsements(s) of Protective Order to counsel for the Party who produced the Confidential Discovery Material.  Any copy provided to a person described in Paragraphs 5(a)(1), 5(a)(3) or 5(a)(6)-(8) shall be returned to counsel of record or destroyed upon completion of the purpose for which such copy was provided.

### 16. Retiring Counsel and/or Parties

In the event a Party or its counsel ceases their involvement in the Litigation, including any appeal thereof, access by such person to the Parties' Confidential Discovery Materials and Confidential Documents shall be terminated.  However, the provisions of this Order shall remain in full force and effect as to all persons who have obtained access to such Confidential Discovery Materials or Confidential Documents, in perpetuity.  In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order and new counsel shall sign the Endorsement of Protective Order attached hereto as Exhibit "A."

### 17. No Waiver of Rights or Implication of Discoverability

a. No disclosure pursuant to any provision of this Order shall waive any rights or privileges of any Party granted by this Order.

b. This Order shall not enlarge or affect the proper scope of discovery in the Litigation or any other litigation; nor shall this order imply that Confidential Discovery Materials are properly discoverable, relevant, or admissible in the Litigation or any other litigation.  Each Party reserves the right to object to any disclosure of information or production of any documents that the Producing

Party designates as Confidential Discovery Materials on any other ground it may deem appropriate.

c. The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection. Nothing in this Order shall prevent any Party from seeking an appropriate protective order to further govern the use of Confidential Discovery Materials at trial.

18. **Modification Permitted**

Nothing in this Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order may be modified by stipulation among all Parties, approved by the Court or by application to the Court by noticed motion. The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative. Nothing in this Order shall be construed as a waiver of any rights by any Party with respect to matters not specifically provided for herein.

19. **Improper Disclosure of Confidential Discovery Material**

Any intentional violation of this Order shall constitute contempt of Court, shall be punishable as such, and shall subject the offending Party or person to such sanctions and remedies as the Court may deem appropriate.

**IT IS SO ORDERED.**

Dated: August 14, 2014.

Hon. Mitchell Dembin
United States Magistrate Judge

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: INCRETIN-BASED THERAPIES PRODUCTS LIABILITY LITIGATION | CASE NO. 13-md-2452 AJB (MDD) |
|---|---|
| *This Document Relates to All Cases* | **PROTECTIVE ORDER** |

I, _____, hereby attest to my understanding that information or documents designated Confidential are provided to me subject to the Protective Order ("Order") dated _____, 2013, in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Endorsement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Order.

I further agree that I shall not disclose to others, except in accord with the Order, any Confidential Discovery Materials, in any form whatsoever, and that such Confidential Discovery Materials and the information contained therein may be used only for the purposes authorized by the Order.

I further agree to return all copies of any Confidential Discovery Materials I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such discovery material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Southern District of California, for the purposes of any proceedings relating to enforcement of the Order.

I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Endorsement.

Date: _____

By: _____

Printed Name: _____