UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | ) MDL Case No.13md2452 AJB (MDD) ) ) As to all related and member cases ) ) ORDER SETTING DISCOVERY ) DISPUTE PROTOCOL ) ) |

In order to efficiently and expeditiously complete the discovery on the Preemption and General Causation issues in this matter, the Court institutes the following procedure to resolve discovery disputes. This protocol supercedes the Local Rules and all other orders concerning discovery issues for this phase of this case.

**I.   TIMELINESS**

1.   All discovery issues must be resolved without delay. Currently, there are ten (10) potential discovery disputes ( the "current" disputes) being discussed by counsel, as well as the prospect for additional issues as other responses and productions are completed ( the "future" disputes),timing for these will be as follows:

   a.   Counsel will continue to meet and confer on the matters listed below, and the court will review the status of these matters at the September 16, 2014 status conference. The matters are:

      i.   The recently received certification and production by Lily;

|   |   |       |   |
|---|---|-------|---|
| 1 |   | ii.   | Amylin's pending certification and production; |
| 2 |   | iii.  | EMA submissions; |
| 3 |   | iv.   | Health Canada and other foreign submissions; |
| 4 |   | v.    | Non-clinical trials; |
| 5 |   | vi.   | Histology slides; |
| 6 |   | vii.  | The addition of other custodians to the deposition list; |
| 7 |   | viii. | "Ongoing" study results; |
| 8 |   | ix.   | Written discovery regarding "outside" source information re: causa- |
| 9 |   |       | tion; |
| 10|   | x.    | The purportedly "missing" studies. |

Regarding the EMA, Health Canada and other foreign submissions, counsel might want to discuss the prospect of narrowing this data to things submitted to other agencies that differ from the submissions to the FDA, to reduce duplication and the associated time and expense that goes with it.

    b.    As to "future" issues, within seven days of the service of an objection, answer or response which becomes the subject of dispute, counsel for the proponent ("Movant") of the discovery must contact counsel for the responding party ("Respondent") to meet and confer on the dispute. The meet and confer process must include a face to face meeting or conference call. Exchanging letters, facsimiles or emails does not satisfy the meet and confer requirement.

2.    Where issues of a technical nature are involved (e.g., access, identification or completeness of data, ESI or otherwise), the parties must include technical or scientific experts in the meet and confer process.

3.    No later than fourteen (14) days after the service of an objection, answer or response which is the subject of dispute, counsel must jointly call the Court's law clerk to set a telephonic discovery conference.

4. **Failure to comply in this regard will result in a waiver of a Parties' discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized.**

## II.   FILINGS

1. As to the "current items" and all "future" disputes regarding preemption and general causation, Movant must be ready to file and serve their motion the day they contact the court.  The motion is limited to ten (10) pages, excluding proof of service.  The motions should address the disputed information categorically, whenever possible (e.g., "the raw data to the adverse event reports").  Movant's brief requirements and limitations are as follows:
    a. A brief summary of the meet and confer efforts (who, what, where, when, and how):
    b. A description of the discovery sought to be compelled;
    c. Whether the discovery is related to Preemption, General Causation or both;
    d. A brief statement as to why it is relevant and necessary;
    e. Attachments to the brief are limited as follows:
        (i)   The select interrogatory or document requested;
        (ii)  The select response/objection provided;
    f. The following materials are not to be attached:
        (i)   Correspondence by and between counsel (including any so called "meet and confer" letters, faxes or emails);
        (ii)  Case reports or other memoranda, articles, reports or other publications.
2. Respondent's opposition must be filed within five (5) days from counsel's call to the Court.  Respondent's brief requirements and limitations are as follows:
    a. Their position, in a non-conclusory, non-boiler plate statement as to why further response or production should not be compelled;

1
2
3
4
5
    b.    Factual descriptions to support any position regarding the "burdensome" or "oppressive" nature of the requested information sufficient for the Court to weigh the factors under Fed. R. Civ. P. 26(b)(2)(C) (e.g., volume, duplication, cost estimates, time estimates for production) or that the information is not readily accessible;

6
7
    c.    The attachment limitations and exclusions stated above for the motion will apply equally to the opposition.

8 No reply papers will be accepted.

## III. THE HEARING

The Court will endeavor to set the telephonic hearing within seven days of counsels call. Movant will bear the burden and expense of arranging the conference call for the participants. The Court will entertain a reasonable amount of argument, and rule from the bench.

Issues not raised by the parties in their meet and confer process will not be considered at the hearing. In other words, no new matters!

DATED: August 14, 2014

                                                      _____
                                                      Hon. Anthony J. Battaglia
                                                      U.S. District Judge