UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION, | MDL Case No.13md2452 AJB (MDD) <br><br> As to all related and member cases <br><br> ORDER GRANTING MOTIONS TO FILE UNDER SEAL <br><br> [Doc. Nos. 555, 578, 580, and 581] |

Before the Court are three motions to seal certain documents attached to Plaintiff's motion to compel discovery of adverse event source documents and databases (Doc. No. 554). (Doc. Nos. 555, 578, 581.) Additionally, Defendant Merck Sharp & Dohme Corp. ("Merck") moves to seal its motion to file under seal. (Doc. No. 580.)

**I.   BACKGROUND**

This multidistrict litigation involves claims for personal injuries and/or wrongful death allegedly caused by four types of incretin-based drugs used to treat diabetes mellitus type 2. Incretin-based drugs contain incretin hormones, which help lower blood sugars by stimulating the production of insulin. Plaintiffs allege that these incretin-based drugs cause pancreatic cancer. Defendants are four pharmaceutical companies that

manufacture, design, test, package, label, market, advertise, distribute and/or sell the incretin-based drugs at issue.

The Parties are currently undergoing discovery. On August 12, 2014, Plaintiffs filed a motion to compel discovery of adverse event source documents and databases. (Doc. No. 554.) Plaintiffs filed 31 exhibits in support of their motion. A number of the exhibits filed have been deemed confidential by Defendants.

Plaintiffs themselves seek to seal Exhibits 23-27, however they dispute the confidential designations of Exhibits 15, 28, and 29. (Doc. No. 555.) Defendants Amylin Pharmaceuticals, LLC ("Amylin") and Eli Lilly and Company ("Lilly") seek to seal Exhibits 26, 28, and 29. (Doc. No. 578.) Defendant Merck seeks to seal Exhibits 13, 14, and 15 (Doc. No. 581), along with their motion to file under seal their motion to seal documents (Doc. No. 580).

## II.   DISCUSSION

### A.   Legal Standard

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. In turn, the court must "conscientiously balance the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Id.* .

A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions where the public has less of a need for access. *Id.* at 1180 ("Specifically, the public has less of a need . . . because those documents are often

unrelated, or only tangentially related, to the underlying cause of action.")  "When a district court grants a protective order to seal documents during discovery, 'it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* at 1179-80 (quoting *phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

**B.     Exhibits 23-27**

Plaintiffs' request to seal Exhibits 23-27 (Doc. Nos. 554-25 - 554-29) is GRANTED upon finding good cause pursuant to Judge Dembin's Amended Protective Order. (Doc. No. 564.)

**C.     Exhibits 13-15**

Merck seeks to seal Exhibits 13, 14, and 15, confidential regulatory communications to Merck from Health Canada, a Canadian regulatory agency.  Merck argues that the "good cause" standard has been met and joins in the arguments made by Defendants Amylin and Lilly in their motion. (Doc. No. 581 at 3.)  Plaintiffs dispute the confidentiality designation of Exhibit 15. (Doc. No. 555 at 2.) As the current motion to compel is a non-dispositive motion, a "good cause" showing will suffice to for the Parties to keep these documents under seal. *See Pintos v. Pacific Creditors Ass'n* 605 F.3d 665, 678 (9th Cir. 2009).

Upon a review of Merck's motion to seal, the Court finds good cause to maintain the confidential designation of the documents and allow them to be kept under seal. Here, the disclosure of the confidential documents from a Canadian agency would likely result in more harm than good to the public for the specific reasons cited by Merck as well as Amylin and Lilly.  (Doc. No. 581 at 3-5; Doc. No. 578 at 5-9.)  As Merck's motion to seal itself quotes from or describes these confidential documents, Merck's motion to seal its motion to seal is also GRANTED. (Doc. No. 580.)  Merck is directed to file a public version of its motion, redacting only those portions that contain quotations and/or description of the confidential documents.

13md2452

**D.      Exhibits 26, 28, 29**

Defendants Amylin and Lilly seek to seal Exhibits 26, 28, and 29, documents which Defendants contend compromise confidential regulatory submissions, internal confidential emails that reflect proprietary evaluation of pancreatic cancer safety data, and materials reflecting confidential discussions about an epidemiological analysis of pancreatic cancer requested by the FDA in 2009. (Doc. No. 578 at 2.)  Defendants contend these documents reflect confidential and propriety submissions, trade secrets, and manufacturing information. (*Id.*)  Plaintiffs dispute the confidential designations of Exhibits 28 and 29. (Doc. No. 555 at 2.)

Upon a review of Amlyin and Lilly's motion and reasons cited in support of sealing, the Court finds good cause to GRANT the motion to seal Exhibits 26, 28 and 29. Here, the documents reveal trade secrets and other sensitive propriety information.  As with Merck's documents discussed above, disclosure of these documents will also likely cause more public harm than good given the context of this litigation.

**III.    CONCLUSION**

The Court finds proponents have met their burden under the "good cause" standard to warrant the sealing of the documents requested.  Accordingly, the Court:

(1) GRANTS Plaintiffs' motion to file under seal Exhibits 23, 24, 25, 26 and 27, (Doc. No. 555);

(2) GRANTS Merck's motion to seal Exhibits 13, 14, and 15 attached to Plaintiffs' motion to compel[1], (Doc. No. 581);

(3) GRANTS Merck's motion to seal its motion to seal, (Doc. No. 580);

(4) directs Merck to file a public redacted version of its motion within seven days of this order in accordance with the instructions above;

(5) GRANTS Amylin and Lilly's motion to seal Exhibits 26, 28, and 29 attached to Plaintiffs' motion to compel, (Doc. No. 578); and

---

[1](Doc. Nos. 554-15; 554-16; and 554-17)

(6) instructs the Clerk of Court to seal the currently sealed lodged documents in accordance with the above.

IT IS SO ORDERED.

DATED: August 28, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge