UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | ) MDL Case No.13md2452 AJB (MDD) ) ) As to all related and member cases ) ) ORDER GRANTING MOTIONS TO ) FILE UNDER SEAL ) ) (Doc. Nos. 628, 673) |

Before the Court are Plaintiffs' and Defendant Merck Sharp & Dohme Corporation's ("Merck") respective motions to seal documents attached to Plaintiffs' memorandum in support of their motion to compel against all Defendants for their communications with or related to certain foreign regulatory agencies (Mot. Compel, Doc. No. 630). (Mot. Seal, Doc. Nos. 628, 673). For the reasons set forth below, the Court **GRANTS** moving parties' motions to seal. (Doc. Nos. 628, 673.)

## **DISCUSSION**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See id.* at 1178–79.  In turn, the court must "conscientiously balance the competing interests" of the public and the party who seeks to keep certain judicial records secret.  *Id.*  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

For non-dispositive motions, however, a "good cause" showing under Rule 26(c) will suffice to "warrant preserving the secrecy of sealed discovery material."  *Foltz*, 331 F.3d at 1135.  In such instances, an exception exists for a "sealed discovery document [attached] to a non-dispositive motion," such that "the usual presumption of the public's right of access is rebutted."  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).  Courts recognize "good reasons to distinguish between dispositive and non-dispositive motions."  *Foltz*, 331 F.3d at 1135.  For example, the public has less of a need for access to court records attached only to non-dispositive motions because such documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'"  *Id.* (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

Here, Plaintiffs seek to maintain the memorandum in support of their motion to compel against all Defendants for their communications with or related to certain foreign regulatory agencies and its supporting exhibits under seal.  Merck's motion to seal requests Exhibits B, C, D, E, and G attached to Plaintiffs' memorandum be sealed in addition to sealing Plaintiffs' memorandum.  Merck contends the exhibits attached to Plaintiffs' memorandum are either confidential communications between Merck and a regulatory agency, or internal emails within Merck that reflect those confidential communications.

/././.

Similar documents between Merck and Health Canada, a Canadian regulatory agency, and any reference to the documents, were previously sealed by the Court upon a finding of good cause.  (*See* Order Grant. Mot. Seal, Doc. No. 586.)  Accordingly, the Court recognizes that disclosure of confidential documents from alternative foreign regulatory agencies could likewise result in more harm than good to the public when viewed in part and without the appropriate context.  Further, because the documents Merck moves to seal refer to and/or relate to the possible conclusions or concerns of foreign regulatory agencies, public access to such documents may lead to the disclosure of propriety and confidential information.  There is also the potential for prejudice to the public with respect to the nature of the communications.  As such, the Court finds good cause exists to seal Exhibits B, C, D, E, and G to Plaintiffs' memorandum in support of their motion to compel foreign regulatory files.  However, as Merck did not characterize Exhibits A and F as confidential communications with regulatory agencies or otherwise demonstrate good cause to warrant sealing those exhibits, Exhibit A and F will not be sealed.

To the extent Plaintiffs' memorandum in support of their motion quotes from or describes the above documents, good cause exists to seal Plaintiffs' memorandum as well.  Accordingly, Merck has met its burden of demonstrating "good cause" exists to warrant sealing the documents requested.  The Clerk of Court is hereby instructed to seal Exhibits B, C, D, E, and G to Plaintiffs' motion to compel against all Defendants for their communications with foreign regulatory agencies, (Doc. Nos. 629-2; 629-3; 629-4; 629-5; and 629-7 ), as well as Plaintiffs' memorandum in support of their motion to compel (Doc. No. 629).

/././.

/././.

/././.

1     Plaintiffs are directed to file a public version of the memorandum in support of
2 their motion to compel against all Defendants for communications with foreign regula-
3 tory agencies, redacting only those portions that contain quotations and/or descriptions of
4 the confidential documents within seven (7) days of this order.

6 **IT IS SO ORDERED.**

8 DATED: September 29, 2014

_____
Hon. Anthony J. Battaglia
U.S. District Judge