# EXHIBIT 36

Case 3:13-md-02452-AJB-MDD   Document 950-4   Filed 02/18/15   PageID.11500   Page 2 of 5
Bone Care Intern., LLC v. Pentech Pharmaceuticals, Inc., Not Reported in F.Supp.2d...
2009 WL 249386

2009 WL 249386
Only the Westlaw citation is currently available.
United States District Court,
N.D. Illinois,
Eastern Division.

BONE CARE INTERNATIONAL, LLC
and Genzyme Corporation, Plaintiffs,
v.
PENTECH PHARMACEUTICALS, INC., Defendant.

No. 08 c 1083.    |    Feb. 2, 2009.

West KeySummary

1    **Evidence**
     Disqualification; Bias or Conflict of Interest

   The experts were not disqualified from testifying for one company in two cases and then against the same company in another case, since the litigation strategies were specific to the cases. A pharmaceutical company was sued for patient infringement concerning the method of treating hyperparathroidism in patients. The patentee hired the same three experts for that case, that the pharmaceutical company hired to represent them in two other cases. The experts were not being asked to plot overall strategy and any inadvertent disclosure would neither help the patentee nor harm the pharmaceutical company. 35 U.S.C.A. § 271(e)(2).

   Cases that cite this headnote

**Attorneys and Law Firms**

Brian David Fagel, David R. Lidow, Frederick H. Cohen, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, Christopher E. Loh, Daniel John Minion, Filko Prugo, Fiona E. Darkin, Kimberley A. Gavin, Robert L. Baechtold, Scott K. Reed, Fitzpatrick, Cella, Harper & Scinto, New York, NY, for Plaintiffs.

Brian J. Sodikoff, Craig M. Kuchii, Robert B. Breisblatt, Stephen P. Benson, Katten Muchin Rosenman LLP, Chicago, IL, Bruce Chasan, Mona Gupta, Robert S. Silver, Robert W. Stevenson, William J. Castillo, William C. Youngblood, Caesar, Revise, Bernstein, Cohen & Pokotilow, Ltd., Philadelphia, PA, for Defendant.

**ORDER**

ROBERT M. DOW, JR., District Judge.

*1 Defendants Pentech Pharmaceuticals, Inc. and Cobrek Pharmaceuticals, Inc. (collectively "Pentech") have moved [84] for an order to sustain their objections to Drs. Alexander Klibanov, Robert S. Langer, and Daniel G. Anderson as experts for Plaintiffs due to a conflict of interest. For the following reasons, Defendants' motion [84] is denied.

**I. Background**

On September 23 and 26, 2008, Plaintiffs Bone Care International LLC and Genzyme Corporation (collectively "Genzyme") disclosed to Defendants their selected experts in this case, namely, Drs. Alexander Klibanov, Robert S. Langer, and Daniel G. Anderson. On September 29, 2008, Defendants sent a letter to defense counsel, objecting to Plaintiffs' designation of these experts. On October 7, 2008, the parties conferred; however, Plaintiffs refused to withdraw their designations, and Defendants filed the instant motion .[1]

[1]   Under Paragraph 10.a.iv of the Stipulated Protective Order [71] in this case, a party seeking to disclose confidential information to an expert shall provide the other party with "a list of who [the expert] consulted for and they type(s) of product(s) that was the subject matter of the consulting, provided the expert [ ] is free to disclose such information."Within five days of receipt of this information, the other party may object in writing, and the parties then must meet and confer to resolve the objection. If the parties are unable to do so, the objecting party may file a motion seeking an order that the disclosure of confidential information to the expert not be permitted.

Pentech is the defendant in three patent infringement actions currently pending in this judicial district. In addition to this case, Pentech is a defendant in *Connetics Corporation, et al. v. Pentech Pharmaceuticals, et al.,* No. 07 C 6297 (N.D.Ill.) (filed Nov. 6, 2007) ("Connetics I") and

Case 3:13-md-02452-AJB-MDD   Document 950-4   Filed 02/18/15   PageID.11501   Page 3 of 5
Bone Care Intern., LLC v. Pentech Pharmaceuticals, Inc., Not Reported in F.Supp.2d...
2009 WL 249386

*Connetics Corporation, et al. v. Pentech Pharmaceuticals, et al.,* No. 08 C 2230 (N.D.Ill.) (filed April 18, 2008) ("Connetics II"). All three cases have been brought pursuant to 35 U.S.C. § 271(e)(2) as a result of Pentech filing Abbreviated New Drug Applications ("ANDAs") with the Food and Drug Administration for generic versions of three commercially available drugs. The *Connetic*s matters concern U.S. Patents Nos. 6,126,920 and 7,078,058, directed to steroid-containing foamable pharmaceutical compositions for treating scalp psoriasis. This case concerns U.S. Patents Nos. 5,602,116 and 6,903,083 directed to a method of treating hyperparathyroidism in patients suffering from kidney disease using 1#-hydroxyvitamin D$_2$ and a stabilized form of 1#-hydroxyvitamin D$_2$. All three cases presently are in the discovery phase and no trial dates have been set. According to Pentech, Drs. Alexander Klibanov, Robert S. Langer, and Daniel G. Anderson are experts in organic chemistry and drug formulation. Pentech retained the expert services of Drs. Klibanov, Langer, and Anderson in *Connetics I and II* in July 2008, before they were retained by Plaintiffs in this case.[2] In *Connetics I and II,* they are expected to testify about infringement and validity with respect to the patents-in-suit in those cases.

2   According to the affidavits of the experts, Plaintiffs retained the experts in this case on July 23, 2008.

**II. Discussion**
The disqualification of experts is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir.1993) (internal citations omitted); see also *Rosenthal Collins Group LLC v. Trading Techs. Int'l, Inc.,* 2008 WL 4542948, at *1 (N.D.Ill. Aug.15, 2008). Courts typically apply a two-part test to determine whether an expert should be disqualified. The court first asks whether the party seeking disqualification acted reasonably in assuming that a confidential relationship existed and, second, whether confidential information was exchanged requiring disqualification of the expert. See *BP Amoco Chemical Co. v. Flint Hills Resources, LLC,* 500 F.Supp.2d 957, 960 (N.D.Ill.2007). Some courts also balance the court's interest in protecting and preserving the integrity and fairness of judicial proceedings, see *American Empire Surplus Lines Ins. Co. v. Care Ctrs., Inc.,* 484 F.Supp.2d 855, 856-57 (N.D.Ill.2007), with the notion that experts should be allowed to pursue their trade and parties to select their own experts, see *Chamberlain Group, Inc. v. Interlogix, Inc.,* 2002 WL 653893, at *4 (N.D.Ill. April 19, 2002). The movant bears the burden of showing both the existence of a confidential relationship and the sharing of confidential information and cannot satisfy this burden with conclusory assertions. *Id.*

**\*2** Courts in this district also have found that "[d]isqualification is only warranted where there is a substantial relationship between the confidential information acquired and the matters to which [the expert] would be expected to testify in this action."*Chamberlain Group, Inc. v. Interlogix, Inc.,* 2002 WL 653893, at *4 (N.D.Ill. April 19, 2002); see also *Viskase Corp. v. W.R. Grace & Co.,* 1992 WL 13679, at *4 (N.D.Ill. Jan.24, 1992). In this vein, courts have disqualified experts on conflict of interest grounds when the expert "switches sides" in the same litigation. See, *e.g., Marvin Lumber & Cedar Co. v. Norton Co.,* 113 F.R.D. 588 (D.Minn.1986) (allowing disqualification where the expert maintained a consulting relationship with the plaintiff and served as the defendant's expert at the same time); *Cordy v. Sherwin-Williams Co.,* 156 F.R.D. 575, 580 (D.N.J.1994). In a patent infringement case such as this one, a "substantial relationship" can be shown if the confidential information shared with the expert concerns the specific patent or technology at issue in the present litigation. See, *e.g., Viskase,* 1992 WL 13679 at *4 (refusing to disqualify expert who "had no involvement with the resins or patents directly at issue in this case"); *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, LLC,* 202 F.R.D. 426, 429 (E.D.Pa.2001) (refusing to disqualify expert because the "documents do not show that he was privy to *confidential* information relevant to the alleged *infringing products* in this case") (emphasis in original).

Defendants contend that the three named experts have a confidential relationship with Pentech and have received confidential information from Pentech. Defendants focus their argument on the fact that these three experts are serving as experts for Pentech in two other currently pending patent litigations in this judicial district and contend that allowing these individuals to serve as experts against Pentech in this case is extremely prejudicial and will continue to cause prejudice to Pentech as the three cases move toward resolution. Defendants contend that in the course of litigating the *Connetics* matters (and in going forward) they have and will continue to disclose confidential information to their retained experts. Defendants contend that the disclosure of litigation strategy constitutes the necessary exchange of confidential information needed in part two of the test. See *BP Amoco Chemical Co. v. Flint Hills Resources, LLC,* 500 F.Supp.2d 957, 960 (N.D.Ill.2007).

Exhibit 36, Page 20

© 2015 Thomson Reuters. No claim to original U.S. Government Works.    2

Case 3:13-md-02452-AJB-MDD Document 950-4 Filed 02/18/15 PageID.11502 Page 4 of 5
Bone Care Intern., LLC v. Pentech Pharmaceuticals, Inc., Not Reported in F.Supp.2d...
2009 WL 249386

At first glance, the possibility of three experts testifying for one company in two cases and then against that same company in another case raised a red flag. However, upon closer inspection of the case law and the circumstances presented in this case, the Court cannot agree with Defendants that the potential for prejudice is so clear. First, Pentech admits that it may call these experts to testify at trial in the *Connetics* matters. Under those circumstances, Pentech's legal theories, litigation strategy, and modus operandi in the *Connetics* matters are not confidential. See *Commonwealth Ins. Co. v. Stone Container Corp.,* 178 F.Supp.2d 938, 944 (N.D.Ill.2002) ( "communications between a testifying expert and the party retaining that expert are not privileged."). In *Chamberlain Group, Inc. v. Interlogix, Inc.,* the district court refused to disqualify an expert on these grounds, finding that:

> **\*3** Indeed, disclosure of a party's legal position and contentions to a testifying expert is not protected by the attorney-client privilege. And an attorney's mental impressions communicated to a Rule 26(a)(2) expert are not protected by the work product doctrine * * * * In the course of the attorney-expert relationship, every expert is exposed to a degree of the retaining party's litigation strategy. However, an expert's exposure to trial strategy in an unrelated and different action is insufficient to warrant the extreme sanction of disqualification.

2002 WL 653893, at \*4 (N.D.Ill. April 19, 2002). Defendants point out that the decision whether to call these experts at trial has not been made; however, even if they do not call the experts at trial, the notes to Rule 26(a)(2) make clear that the purpose of the rule is that "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are privileged or otherwise protected from disclosure when such persons are testifying *or being deposed.*"Fed.R.Civ.P. 26(a)(2) 1993 Amendment Notes (emphasis added). An expert is asked to review materials, draw on his expertise derived from the expert's discipline, and to offer opinions on a particular point that is relevant to the case. The expert is not being asked to plot overall strategy or otherwise consult about the course of a lawsuit. Frankly, it would seem unwise for the retaining party to use a testifying expert in that way, because the communications would be discoverable.

In addition, although the same Defendant is present in all three cases, the *Connetics* matters concern patents claiming steroid-containing pharmaceutical compositions for treating scalp psoriasis while this litigation concerns patents claiming a method of treating hyperparathyroidism in patients suffering from kidney disease using 1#-hydroxyvitamin D$_2$ and a stabilized form of 1#-hydroxyvitamin D$_2$. Defendants, who bear the burden demonstrating a conflict, have not presented any evidence or argument that there is any overlap between the technical subject matter of the litigations. The logic behind this requirement is that to hold otherwise would preclude the use of an expert in any case adverse to the party that it worked with previously, which would impinge on the livelihood of experts and on a party's freedom to select its own experts, within reason. See, *e.g., Atlantic City Assocs. v. Carter & Burgess Consultants,* 2007 WL 63992, at \*1 (D.N.J. Jan.5, 2007) ("[T]he mere fact that a defense expert may have also worked for the Plaintiff's attorney on a former or pending case, does not justify the disqualification of the expert. If this were the case, then Plaintiff's counsel would in essence be able to bar the Experts from testifying against his clients in any future matter, even if the matters were not related.").

Finally, the affidavits of the experts also are helpful in resolving this issue. All experts have stated that the information Pentech shared with then in connection with the *Connetics* matters has been scientific in nature and specific to the patents and technologies at issue in those matters. Additionally, they have stated that any litigation strategy shared with them has been specific to the patents and technology at issue in the *Connetics* matters. Finally, they have each stated that the patents and technology at issue in the *Connetics* matters are not unrelated to the patents and technology at issue in this litigation, and that even if they were to inadvertently disclose information from the *Connetics* matters during their work in this litigation, they do not believe the disclosure of "such unrelated information" would either help Plaintiffs or harm Defendants. Defendants have not offered any evidence to contradict the experts' statements.

### III. Conclusion

 **\*4** For these reasons, the Court denies Defendants' motion to sustain objections to Alexander Klibanov, Robert S. Langer, and Daniel G. Anderson as experts for Plaintiffs [84].

**Bone Care Intern., LLC v. Pentech Pharmaceuticals, Inc., Not Reported in F.Supp.2d...**

2009 WL 249386

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.