| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF CALIFORNIA** | |
| THIS DOCUMENT APPLIES TO PLAINTIFF(S): Maritza Vega, Individually and as Personal Representative of the Estate of David Vega, Dec'd | Pertains To Civil Action No.:<br>3:13-cv-02877-AJB-MDD |
| Plaintiffs<br>v.<br>☐ AMYLIN PHARMACEUTICALS, LLC,<br>☐ ELI LILLY AND COMPANY,<br>☑ MERCK SHARP & DOHME CORP.,<br>☐ NOVO NORDISK INC.,<br>(Check all the above that apply)<br>Defendants | In Re: Incretin-Based Therapies Products Liability Litigation<br><br>**MDL NO. 2452**<br>AMENDED<br>**SHORT FORM COMPLAINT FOR DAMAGES**<br><br>Case No.: 13md2452 AJB(MDD) |

### AMENDED SHORT FORM COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff(s) named herein, and for Complaint against the Defendants named herein, incorporates and fully adopts the Master Form Complaint (the "Master Complaint") in MDL No. 2452 by reference. Plaintiff(s) further shows the Court as follows:

#### JURISDICTION AND VENUE

1. Jurisdiction in this Complaint is based on:

   ☑ Diversity of Citizenship

   ☐ Other (As set forth below, the basis of any additional ground for jurisdiction must be pleaded in sufficient detail as required by the applicable Federal Rules of Civil Procedure):

   _____.

2. District Court and Division in which you might have otherwise filed absent the direct filing order entered by this Court: _____

   United States District Court for the Middle District of Florida - Orlando Division.

---

CIVIL COMPLAINT FOR DAMAGES

3. Plaintiff(s) further adopts the allegations contained in the following paragraphs of the Jurisdiction and Venue section of the Master Complaint:

- ☒ Paragraph 10;
- ☒ Paragraph 11;
- ☐ Paragraph 12;
- ☐ Paragraph 13;
- ☐ Paragraph 14;
- ☒ Paragraph 15; and/or
- ☐ Other allegations as to jurisdiction and venue (Plead in sufficient detail in numbered paragraphs (numbered to begin with 3(a)) as required by the applicable Federal Rules of Civil Procedure): _____.

### PLAINTIFF/INJURED PARTY INFORMATION

4. Injured/Deceased Party's Name: __David Vega__ (the "Injured Party").

5. Any injury (or injuries) suffered by the Injured Party in addition to those injuries related to the Injured Party's Pancreatic Cancer, which is alleged to have been caused by the drug(s) ingested as set forth below (put "None" if applicable): __Jaundice and other sequelae of pancreatic cancer__.

6. Injured Party's spouse or other party making loss of consortium claim: __Maritza Vega__.

7. Other Plaintiff(s) and capacity, if Injured Party is deceased or otherwise incapacitated (i.e., administrator, executor, guardian, representative, conservator, successor in interest): __Maritza Vega, Individually and as Personal Representative__.

8. City(ies) and State(s) of residence of Injured Party at time of ingestion of the Drug(s): __Deltona, Florida__.

9. City and State of residence of Injured Party at time of pancreatic cancer diagnosis (if different from above): __N/A__.

10. City and State of residence of Injured Party at time of diagnosis of other Injury(ies) alleged in Paragraph 5 (if different from above): **N/A** .

11. If applicable, City and State of current residence of Injured Party (if different from above): **N/A** .

12. If applicable, City and State of residence of Injured Party at time of death (if different from above): **N/A** .

13. If applicable, City and State of current residence of each Plaintiff, including any Consortium and or other Plaintiff(s) (i.e., administrator, executor, guardian, representative, conservator, successor in interest): **Maritza Vega 3430 Goldenhills St., Deltona, FL 32738 -7153** .

14. Check box(es) of product(s) (the "Drugs") for which you are making claims in this Complaint:

- ☐ Byetta. Dates of use: _____.
- ☒ Januvia. Dates of use: **Approximately January 2006 to May 8, 2009**.
- ☐ Janumet. Dates of use: _____.
- ☐ Victoza. Dates of use: _____.

15. Date of pancreatic cancer diagnosis: **April 12, 2009**.

16. If applicable, date of other injuries alleged in Paragraph 5: **April 11, 2009; May 26, 2009**.

17. If applicable, date of death: **April 9, 2014**.

DEFENDANTS NAMED HEREIN
(Check Defendants against whom Complaint is made)

- ☐ Amylin Pharmaceuticals, LLC
- ☐ Eli Lilly and Company
- ☒ Merck Sharp & Dohme Corp.
- ☐ Novo Nordisk Inc.

CAUSES OF ACTION
(Counts in the Master Complaint brought by Plaintiff(s))

☒ Count I – Strict Liability – Failure to Warn

☒ Count II – Strict Liability – Design Defect

☒ Count III – Negligence

☒ Count IV – Breach of Implied Warranty

☒ Count V – Breach of Express Warranty

☒ Count VI – Punitive Damages

☒ Count VII – Loss of Consortium

☒ Count VIII – Wrongful Death

☒ Count IX – Survival Action

☐ Other Count(s):_____

Plead factual and legal basis for any Other Count(s) in separately numbered Paragraphs (beginning with Paragraph 18) that provide sufficient information and detail to comply with the applicable Federal Rules of Civil Procedure.

PRAYER FOR RELIEF AND, AS APPLICABLE, PRAYER FOR RELIEF FOR SURVIVAL AND WRONGFUL DEATH

WHEREFORE, Plaintiff(s) pray(s) for relief as set forth in the Master Complaint filed in MDL No. 2452.

JURY DEMAND

Plaintiff(s) hereby ✓ demands ☐ **does not** demand a trial by jury on all issues so triable.

Dated: November 16, 20 16

Respectfully submitted,

/s/ Thomas J. Preuss

Thomas J. Preuss, MO Bar # 54923

Wagstaff & Cartmell LLP
4740 Grand Ave., Suite 300
Kansas City, MO  64112
Tel. (816) 701-1100
Fax (816) 531-2372