1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: INCRETIN-BASED
THERAPIES PRODUCTS
LIABILITY LITIGATION

*This Document Relates to All Cases*

Case No. 13-md-2452-AJB-MDD

**ORDER GRANTING JOINT
MOTION TO APPROVE EIGHTH
AMENDED STIPULATION AND
ENTER ORDER RELATED TO
FILINGS BY DERIVATIVE
PLAINTIFFS ACTING AS INTERIM
ESTATE REPRESENTATIVES**

18   On March 30, 2022, the Plaintiffs' Steering Committee ("PSC") and
19   Defendants Eli Lilly and Company, Amylin Pharmaceuticals Inc., Merck Sharp &
20   Dohme Corp., and Novo Nordisk Inc. ("Defendants") filed a joint motion for
21   approval of an Eighth Amended Stipulation concerning derivative plaintiffs acting
22   as interim estate representatives for a deceased Injured Party under certain
23   circumstances, as stipulated by the Parties. The Parties have moved this Court to
24   approve the amended stipulation and further order that such stipulated Interim
25   Estate Representatives have authority to execute authorizations for the collection
26   of medical and other records for all purposes in MDL 2452.
27   ACCORDINGLY, WHEREAS the Court finds that the PSC and Defendants
28   have stipulated as follows:

A.      With respect to any action currently pending or hereafter directly filed or transferred into this MDL, in the event a state or federal court of competent jurisdiction has not appointed a person to serve as a representative for the estate and/or beneficiaries of a deceased Injured Party—

(i)      the person designated as the personal representative in the Will of the decedent (if any); and/or;

(ii)      the surviving spouse, with the consent of any and all children of the decedent , and anyone identified as the personal representative in the Will (if any); and/or

(iii)      a beneficiary who succeeds to a cause of action under the Will (if any) or state intestate law, with the consent of any surviving spouse, any adult children of the decedent, and anyone identified as the personal representative in the Will (if any), may act as an Interim Estate Representative for all purposes related to the pre-trial proceedings of any and all claims related to the Injured Party pending in MDL 2452.

B.      Where the decedent Injured Party has minor children and/or beneficiaries, defendants reserve the option of requiring the appointment of a person who is formally qualified and/or appointed by another state or federal court to represent the estate, with 90 days' notice and cause shown.

C.      For cases currently pending in MDL 2452 ("Pending Case"), any party seeking to act as an Interim Estate Representative for a deceased Injured Party shall have 90 days from the date of this Order to serve on the defendants to such action a Declaration in the form attached hereto as Exhibit A (where the Injured Party was intestate) or Exhibit B (where the Injured Party had a Will). For cases transferred, removed or directly filed in MDL 2452 after the date of this Order, any party seeking to act as an Interim Estate Representative for a deceased Injured Party shall have 90 days from such transfer, removal, or direct filing to serve on the defendants

- 2 -

to such action a Declaration in the form attached hereto as Exhibit A (where the Injured Party was intestate) or Exhibit B (where the Injured Party had a Will). Any such Declarations shall require the signature of the party seeking to serve as Interim Estate Representatives.

D.     In the event an Injured Party dies after said plaintiff's case has been removed, direct filed, or otherwise transferred to MDL 2452, plaintiff's counsel shall promptly serve, in accordance with Federal Rule of Civil Procedure 25, a notice of said death with the Court, and thereafter, shall have 90 days from the date of said filing to amend the complaint naming: (1) a derivative plaintiff who is formally qualified and/or appointed by another state or federal court to represent the estate of the Injured Party, or (2) an Interim Estate Representative who must serve a Declaration in accordance with the provisions of paragraph C, above. No provision of this Stipulation shall preclude a defendant from filing a Suggestion of Death pursuant to Rule 25 at any time.

E.     Any objections to the sufficiency of a Declaration served in accordance with Paragraph C or D of this Stipulation shall be identified with a deficiency notice served upon the Interim Estate Representative's counsel and Plaintiffs' Co-Lead Counsel in MDL 2452 within 30 days of the filing of the Declaration, or said objections as may be discerned from the face of the Declaration are waived.

F.     Upon timely notice of objection by counsel for any Defendant, the Interim Estate Representative shall be given 30 days to cure or otherwise deny any alleged deficiency in the Interim Estate Representative's Declaration. In the event the Interim Estate Representative does not cure said deficiency, or advises Defendant that the Interim Estate Representative's Declaration was filed consistent with this Order, then Defendants shall exercise all reasonable efforts to meet-and-confer with the Interim Estate Representative's counsel (for a period of at least 14

- 3 -

days). If, after the meet-and-confer process, any objections remain unresolved, Defendants shall raise all remaining objections in a motion to dismiss filed with the Court that shall be filed within 120 days of the filing of the Declaration, or the right to raise any objection with respect to the status of the Interim Estate Representative under this Stipulation is waived. Any motion to dismiss filed in this regard shall be without prejudice, on Notice filed by ECF, and permit 14 days for an opposition, if any.

G.      The appointment of an Interim Estate Representative under the provisions of this stipulation shall be valid until March 30, 2023, at which time the Federal Rules of Civil Procedure shall govern the capacity of a party to sue. For purposes of relation back and application of the statute of limitations after said date, all filings made by and all actions taken by an Interim Estate Representative prior to said date shall be considered valid and effective.  In the event that a case in which an Interim Estate Representative has been appointed is dismissed without prejudice for any reason, the parties and their Counsel have agreed that any re-filing of claims related to that case shall be filed in this Court.

H.      Notwithstanding any other provision of this Stipulation, the filing of a Motion to Amend the Complaint to replace the Interim Estate Representative with a person who has the capacity to sue under the Federal Rules of Civil Procedure shall be required (i) prior to trial of the action in this MDL proceeding, (ii) prior to compromise of the claim, (iii) prior to any appeal taken, or (iv) upon remand or transfer of the action to another state or federal court. Consistent with Federal Rules of Civil Procedure 17(a)(3) and 25, prior to the transfer of any case claiming wrongful death and/or survival actions to another venue, the Interim Estate Representative shall have 90 days, or more time for cause shown, in which to file a Motion to Amend the Complaint to substitute a personal representative or other party as the plaintiff in the action, if required. All rights of the defendants are

reserved with respect to responding to any Motion to Amend the Complaint. Upon the granting of any motion to Amend the Complaint to replace the Interim Estate Representative with a person who is formally qualified and or appointed by another state or federal court to represent the estate of the Injured Party, the status of the Interim Estate Representative under this stipulation shall cease. In the event a Motion to Amend is not filed, or does not proffer a person who is formally qualified to represent the estate in accordance with the terms of this paragraph, all rights and defenses of the parties as to the pending Complaint are reserved.

I.      For Pending Cases, the naming of an Interim Estate Representative in full satisfaction of the terms of this Stipulation shall relate back to the date on which the Complaint was filed, provided that the Complaint was originally filed by the party who came to be the Interim Estate Representative, or by another person who could have met the requirements to serve as Interim Estate Representative. Defendants will not argue that the statute of limitations continued to run in the period after the initial filing of a complaint but prior to the appointment of the Interim Estate Representative.

J.      For cases filed after the date of this Order by a person who becomes an Interim Estate Representative in full satisfaction of the terms of this Stipulation, the Defendants will not argue that the statute of limitations continued to run after the initial filing of the Complaint.

K.      Nothing in this Stipulation shall be construed to waive any objection to any applicable statute of limitations defense or any other defense based on timeliness as to any claim asserted, or to be asserted, in connection with the alleged Injured Party on any ground other than as set forth in Paragraphs I and J above. Nothing in this Stipulation may be construed as a waiver, to any extent, as to any party, with respect to any action not pending or subsequently transferred to, or filed in, this MDL proceeding.

L.      This Stipulation may be terminated on 60 days' notice by any Party, and this Stipulation shall, upon such termination, not be applicable with respect to any subsequent case filed or transferred into this MDL, but such termination shall not have retroactive effect with respect to any case filed or transferred prior to its termination.

NOW THEREFORE this Court approves this Stipulation and further ORDERS:

1.      The Court further holds and otherwise appoints the Interim Estate Representative to be the "personal representative," as defined in the Health Insurance Portability and Accountability Act ("HIPAA"), of the Injured Party's estate. A "personal representative" is "an executor, administrator, or other person [who] has authority to act on behalf of a deceased individual or of the individual's estate." 45 C.F.R. § 164.502(g)(4).

2.      Moreover, this Court finds that a Declaration signed by the Interim Estate Representative is sufficient and appropriate to be relied upon by all covered entities, as defined in HIPAA, 45 C.F.R. parts 160 and 164, which includes all physicians, hospitals, pharmacies, or other health providers or practices, to disclose the Injured Party's records to the Interim Estate Representative and or to any other person, party, or entity who receives a records request or release signed by the Interim Estate Representative.

3.      Nothing herein is intended to limit any rights under Federal Rules of Civil Procedure 17, 21, or 25 with regard to the substitution of plaintiffs.

///

///

///

///

4.     No other rights, authority, or entitlements are granted to the Interim Estate Representatives in any other state or federal court, or in any proceeding, or regarding any matters or transactions, that are not expressly stated in this order.

**IT IS SO ORDERED.**

Dated:  March 30, 2022

_____
Hon. Anthony J. Battaglia
United States District Judge